Mary K. TRUDEAU, Appellant
(Defendant),

v.

Chris A. TRUDEAU, Appellee (Plaintiff).

No. 91–171.

Supreme Court of Wyoming.

Dec. 23, 1991.

William W. Harden, Casper, for appellant.

Dennis C. Meier, Lusk, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

The only issue in this appeal is whether the district court abused its discretion by awarding custody of the parties' two minor children to appellee, Chris A. Trudeau (father), rather than to appellant Mary K. Trudeau (mother).

We affirm the decree awarding custody of the children to their father.

Under the provisions of W.S. 20–2–113(a) (1991 Cum.Supp.),

> [t]he court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competence of both parents and no award of custody shall be made solely on the basis of gender of the parent.

■ The determination of the children's best interests and well-being in awarding custody is a question for the trier of fact. In challenging the trial court's custody decision, mother faces our longstanding rule that "this court will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion * * *." *Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989) (quoting *Fanning v. Fanning*, 717 P.2d 346, 349 (Wyo.1986)).

The parties were married in 1978; one daughter was born in 1983, the other in 1984. The father is employed as a county sheriff's deputy; he also runs a modest bootmaking and repair business in his home. He has been a diligent, hard worker both in gainful employments and in formal education pursuits. Mother concedes that the father is a good parent. Mother currently works part time as a clerk at a convenience store and as a waitress. She indicated at trial she had no definite plans for her future, although there was some

indication she might go to St. Louis, Missouri, where her parents live.

The case was tried to the court. It heard the testimony of the witnesses for each party. Mother claims the court erred when it sustained father's hearsay objection to the testimony of a school guidance counselor called as a witness by the mother. *Apparently,* the counselor's testimony would have related the children's preference of custodial parent.[1] However, from our careful reading of this portion of the trial transcript, the mother's attorney neither asked the counselor about the children's preference nor made an offer of proof as to what the counselor's testimony would have been if asked. The record in this state advances the conclusion that no error is present. As a practical matter, it is clear that the trial court "read between the lines" as to the children's preference. The court stated:

> I have seen a lot of children, especially in the last few weeks, under every given circumstances and they will say what they're going to say and I know they would have told this lady something, Mrs. Riley, a counselor, but you know kids in this kind of a situation have problems and I guess there is no way for us to solve their problems as we go along here today.

Given the children's ages and the other facts and circumstances in evidence, it is apparent to this court that the trial court, in the sound exercise of its discretion, did not attach great weight to the children's possible preferences. We find no abuse of discretion on this point.

Mother also claims the trial court's custody award to the father is contrary to the weight of the evidence. We have made careful review under our appellate standard and find that the award is well-supported by the evidence.

Mother also asserts the trial court's custody award was driven by the court's desire to get the mother off a public assistance program. We find that is not so. After hearing all of the testimony, the court faced a difficult decision. It made that decision after careful evaluation and with the goal of serving the well-being and best interests of the children.

As a final issue, the mother contends the trial court violated her constitutional right to travel by conditioning her 1991 summer visitation to Lusk, Wyoming, where the children resided with their father. We find this contention meritless; the trial court's reason for this condition was to bring immediate stability into the children's lives. That purpose, clearly in the children's best interest, would have been frustrated had the mother decided to take them to St. Louis for the summer. We find no error here.

We affirm the decree of the trial court awarding custody to the father.

---

1. For an informative educational article on this subject, *see* Linda A. *Hearsay and Custody: The Twice Told Story,* 21 Fam.L.Q. 169–87 (1987).