Herbert Lee MAYNARD, Appellant
(Defendant below),

v.

Arline Clifton MAYNARD, Appellee
(Plaintiff below).

No. 4928.

Supreme Court of Wyoming.

Nov. 2, 1978.

M. Scott McColloch, Greybull, for appellant.

Robert A. Gish, Basin, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellant here seeks to have this court overturn the property settlement made by the trial court in the divorce suit in which he was defendant, and to award him an equitable share in the Lilac Motel, which was part of the marriage property, or in the alternative to grant a new trial.

Appellant bases his attack upon two alleged errors:

1. That certain testimony was improperly admitted relating to the motel's future competitive position, which was speculative and hearsay.

2. That the court abused its discretion in disposing of the property, resulting in an inequitable and unjust division.

This case was not reported so there is no transcript of the proceedings available. Appellant, in reliance upon Rule 75(c), W.R. C.P., originally filed in this court a so-called Statement of Proceedings wherein he summarized or set out his version of the testimony of several witnesses. This was not settled or approved by the trial judge. Upon objection, this court remanded the matter to the district court with instructions to settle and approve the record.

After such remand, appellant filed a Motion for Settlement of Record; and appellee, in opposition thereto, filed an affidavit setting out that there had been no objection to any question or answer with regard to the question whether there was anything which she had known or heard which would affect the motel's competitive position. Appellant additionally apparently submitted to the court an instrument entitled "Statement of Proceedings and Stipulation of Facts by Trial Attorneys" which he at-

tached to his brief but it was apparently never filed. After hearing, the court entered its order, finding as follows:

"1. That the Court honestly has no recollection with respect to whether an objection was or was not made to any questions asked of the Appellee concerning what she knew or had heard that would affect the Lilac Motel's competitive position in future years; neither can the Court recall if there was an objection made to the answer to such question."

which was repeated in substance in the decretal part of said order. Thus, the record as settled and approved does not include any showing of an objection to this testimony.

█ Appellant's claim of error in the admission of evidence was directed at the testimony of appellee herein, Arline Clifton Maynard. This we cannot reach because of the condition of the record. The court is confined to the record for its decision, *In re Estate of Reed*, Wyo., 566 P.2d 587, 590; and inasmuch as this involves allegedly inadmissible evidence, the objection must clearly appear in the record or it cannot be urged, *Texas Gulf Sulphur Company v. Robles*, Wyo., 511 P.2d 963, 967.

█ Because the trial court did not approve or settle this portion of the statement as it refers to the evidence question, it is therefore no part of the record, *Graham v. Carr*, 9 Cir., 112 F.2d 908, 909, and cannot be accepted as such, *United States v. Chesapeake and Ohio Railway Company*, 4 Cir., 281 F.2d 698, 701; see 9 Moore's Federal Practice, § 210.06(2), pp. 1632–1633 (1975). It was not error for the judge to fail to settle the record insofar as he did not remember the matters suggested, *Cox v. General Electric Company*, 6 Cir., 302 F.2d 389, 390; and the judge's statement that he has no such recollection is conclusive, *Camps v. New York City Transit Authority*, 2 Cir., 261 F.2d 320, 323.

█ Appellant further asserts that the court made an inequitable and unjust division of the property of the parties and that this amounts to an arbitrary and capricious

action. This case bears a strong similarity to *Kieler v. Kieler*, Wyo., 543 P.2d 1240, and as in that case we do not deem that any discussion of the factual situation is necessary, aside from the statement that we find no evidence of abuse of discretion or capriciousness on the part of the trial court.

Appellee's motion for allowance of attorney's fee should be allowed in the sum of $500 because this court sees no merit in this appeal.

Affirmed.