Sally Laurine DEEN,
Appellant (Plaintiff),

v.

Darrel B. DEEN, Appellee (Defendant).

No. 88–245.

Supreme Court of Wyoming.

May 25, 1989.

Robert A. Oakley of Legal Services for Southeastern Wyoming, Inc., Cheyenne, Richard Ducote (argued) of Richard Ducote & Associates, New Orleans, La., and Judy A. Williams of Montana Legal Services Ass'n, Billings, Mont., for appellant.

George L. Simonton of Simonton and Simonton, Cody, for appellee.

Chris Edwards, Cody, Guardian Ad Litem.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and SPANGLER, District Judge.

SPANGLER, District Judge.

Appellant challenges the decision of the trial court in a divorce action awarding custody of the minor child of the parties to appellee. Appellant contends that the trial court abused its discretion in awarding custody to appellee where the record was clear that he posed a danger of sexual abuse and that the trial court erred in making its decision before receiving evidence from Dr. Berton Toews as to whether he had prescribed certain medication for the child.

We affirm.

The child was born in 1976. Custody had been disputed since the separation of the parties in July of 1984. Generally, appel-

lant accused appellee of sexual abuse, while appellee alleged that appellant was mentally unstable. The January 1985 divorce decree placed the child in the legal custody of the Park County Department of Public Assistance and Social Services with physical custody in the appellant as agreed by the parties. In November 1985, on motion of the guardian ad litem, the court ordered foster home placement. In September 1986, following a hearing and reports from various professionals, the trial court ordered further placement in foster care and involvement of professionals with the family in a team treatment approach. After another hearing in June of 1988, the judgment from which this appeal is taken was entered in July 1988. Custody was awarded to appellee with visitation for appellant and continued supervision by the Department of Public Assistance and Social Services.

Appellant relies upon the case of *Fanning v. Fanning*, 717 P.2d 346 (Wyo.1986), where this court reversed a child custody award. The primary evidence in the Fanning case, showing abuse by the appellee, was uncontradicted. There was also expert testimony against the appellee having custody. In the case at hand, the evidence is in conflict as to abuse by appellee. No conclusive finding was ever made that he had abused the child. At the last hearing, expert witnesses and the guardian ad litem recommended that appellee be given custody. It should also be noted that the trial court's decision in the Fanning case was influenced by application of an improper maternal preference rule.

■ In this case the court follows the same standards enunciated in the Fanning decision and in numerous other cases. This court will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances. *Fanning v. Fanning*, 717 P.2d at 349.

Much of the argument in the brief of appellant concerns the credibility of the witnesses and the weight to be given their testimony. A long line of decisions establishes that these are matters to be resolved by the trier of fact, not by an appellate court.

■ We do not conclude that there was an abuse of discretion. The trial court received a significant amount of evidence from all parties. The evidence was in conflict, with each parent questioning the fitness of the other. The trial court then reached a reasonable decision from the alternatives available. In the case of *Forbes v. Forbes*, 672 P.2d 428, 429 (Wyo.1983), this court stated: "Determining the best interests of a child in awarding custody is a question of fact for the trier of fact."

■ Appellant also claims that there was a procedural error committed by the trial court in making its decision before receiving evidence from Dr. Toews. Appellee explained that he had touched the child in order to apply medication which appellant said had been prescribed by the doctor. Appellant denied making that statement. At the conclusion of the final hearing, appellant asked for more time in order to depose the doctor. The trial judge expressed doubts about the importance of the testimony and suggested that the parties stipulate as to what the doctor would say. Appellant later submitted a letter from the doctor stating that he did not write such a prescription.

The legal standard is that continuances are within the discretion of the trial court. Such rulings will be reversed only upon a showing that discretion has been abused. Considering the length of time that the case was pending, the abundance of other evidence received, and the importance of the point in question, we cannot say that the trial court's decision was unreasonable.

We find neither abuse of discretion nor other reversible error. The trial court is, therefore, affirmed.