**Daniel Lee UHLS, Appellant (Plaintiff),**

**v.**

**Darlene Mary UHLS, Appellee (Defendant).**

**No. 89–256.**

Supreme Court of Wyoming.

July 19, 1990.

G. Albert Sinn, Worland, for appellant.

H. Richard Hopkinson of Gorrell & Hopkinson, P.C., Worland, for appellee.

Before CARDINE, C.J.*, and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Justice.

The central issue in this appeal is whether the district court abused its discretion by awarding custody of the parties' two minor children to appellee, Darlene Uhls (wife), rather than to appellant, Daniel Uhls (husband). A secondary issue is whether there is reasonable cause for this appeal and whether this court should award appellee fees and damages as provided in W.R.A.P. 10.05.

We affirm the decree awarding custody of the children to wife and, finding no reasonable cause for appeal, award $500 as attorney fees to appellee's counsel.

Husband states the issue to be:

"Did the trial court abuse its discretion and thus err as a matter of law by failing to properly consider the best interests of

the children in a child custody dispute, by awarding the custody of the children to the mother and not to the father?"

Wife states the issues this way:

"1. Whether or not the trial court erred when determining the best interests of the children[.] After weighing the evidence presented in the case[,] the court granted custody of the children to the mother.

"2. Whether or not there is reasonable cause for plaintiff's [husband's] appeal as required by W.R.A.P. 10.05[.]"

Husband filed a complaint in the District Court of Washakie County on May 12, 1989, seeking a divorce and custody of his two minor children. Wife answered and counterclaimed on May 16, 1989, seeking custody of the children. On May 22, 1989, husband agreed to pay temporary support to wife and to place temporary custody with wife. On August 21, 1989, a hearing was held before the district court to settle the matter of child custody, as well as the remaining issues not resolved by the parties.

■ Husband admitted he had a violent temper and had used a belt on his six-year-old daughter to the extent that he raised welts on the child. He also testified he had used the belt on his four-year-old son and that he had used it on both children with some frequency. Rebecca Luhm of the Department of Public Assistance and Social Services (DPASS) testified that she had conducted an investigation into the allegations that wife had abused the daughter. She concluded that wife had abused the daughter and that both parents had left the children alone at home and unsupervised. Mrs. Luhm further testified that she did not feel the children were "in any imminent danger" with wife. The trial court expressed concern about the parenting skills of both parents. The court was concerned with husband's temper and with the evidence that wife had abused the children. The court awarded custody to wife because it believed she had a strong willingness to work with DPASS to develop better parent-

* Chief Justice at time of oral argument.

ing skills so as to be able to properly raise the children.

There is sufficient evidence in the record to support the decision of the district court to award custody to wife. We adhere to our longstanding rule that

"[t]his court will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances." *Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989). *See also Fanning v. Fanning*, 717 P.2d 346, 349 (Wyo.1986); Annotation, *Modern Status of Maternal Preference Rule or Presumption in Child Custody Cases*, 70 A.L.R.3d 262, § 13[b] (1976).

This case was tried to the court. It heard all the evidence and faced a difficult decision. Both parents' parenting skills were in need of improvement, and both needed some supervision from DPASS. The decision to place custody with wife was made after careful evaluation of the evidence and with the goal of serving the best interests of the children. The trial court's decision is clearly within the bounds of reason. We do not find anything in the record, or in the argument presented by husband, to suggest that the trial court abused its discretion. Much of husband's argument concerns the credibility of witnesses and the weight to be given their testimony, as was the case in *Deen*, 774 P.2d at 622. A long line of decisions establishes that these are matters to be resolved by the trier of fact, not by an appellate court.

W.R.A.P. 10.05 provides that if this court certifies there is no reasonable cause for appeal, reasonable attorney fees and reasonable damages may be awarded to the appellee's counsel and appellee, in addition to the usual award of costs. Wife asserts she is entitled to relief under this provision, and we agree. We certify there was no reasonable cause for this appeal and, in addition to the usual award of costs, we award wife the sum of $500 as attorney fees. We do not award any sum as damages.

The decree of the district court awarding custody to wife is affirmed.