The **DOCTORS' COMPANY**, a California corporation, Appellant (Plaintiff),

v.

The **INSURANCE CORPORATION OF AMERICA**, a Texas corporation; and **Stanley W. Peters, MD**, Appellees (Defendants).

No. 92–68.

Supreme Court of Wyoming.

Sept. 15, 1992.

11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2873 (1973).

Having established this procedure, it is unnecessary for us to grant the motion for a limited remand and the motion is, therefore, denied. If the appellant chooses to pursue a Rule 60(b) motion, it should be filed in the district court, and the district court has jurisdiction to consider it. Further proceedings in this court relating to such a motion, if any, must await the district court's ruling on that motion.

Arthur H. Downey and Laurel E. Adams, Downey Law Firm, P.C., Denver, Colo., for appellant.

Judith A. Studer, Schwartz, Bon, McCrary & Walker, Casper, for appellee, The Ins. Corp. of America.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

PER CURIAM.

The appellant seeks a "limited remand" to the district court for the purpose of having the district court consider a motion to be made pursuant to Wyo.R.Civ.P. 60(b). We have not definitively stated our position on such a request for remand and so avail ourselves of the opportunity to establish a workable procedure for this case, as well as for future such cases. We establish this procedure:

> [D]uring the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand. * * * The logical consequence is that the district court may deny the motion although it cannot, until there has been a remand, grant it * * *. This allows a new appeal from the denial of the motion and often the appellate court can consider that appeal together with the appeal from the original judgment.