Carolyn Jean DOWDY, Appellant
(Plaintiff),

v.

Nicky Allen DOWDY, Appellee
(Defendant).

No. 93–83.

Supreme Court of Wyoming.

Nov. 4, 1993.

Fred R. Dollison of Northern Wyoming Law Associates, Sheridan, for appellant.

Kenneth R. Marken, Casper, for appellee.

Before MACY, C.J., THOMAS, GOLDEN and TAYLOR, JJ., and BROWN, J. (Retired).

MACY, Chief Justice.

Appellant Carolyn Dowdy (the mother) challenges the district court's decree which separated the parties' three minor children by giving primary custody of the younger

son to Appellee Nicky Dowdy (the father) and set the father's child support obligation at $300 per month.

We affirm.

The mother presents the following issues for our review:

I.

The Trial Court abused its discretion in splitting the minor children of the parties by ordering that one child[,] Jason Lee Dowdy, would reside with Appellee Nicky Allen Dowdy.

II.

The Trial Court committed reversible error in ordering child support in an amount of $300 per month from Nicky Allen Dowdy to Carolyn Jean Dowdy.

The mother and the father both sought temporary and permanent custody of their daughter and two sons in their divorce proceedings. After hearing the parties' motions, the district court granted temporary custody of the daughter and older son to the mother and temporary custody of the younger son to the father.

At the conclusion of the trial on the divorce action, the district court granted a divorce to the mother, made the temporary custody arrangement permanent, ordered the father to make child support payments of $300 per month, and divided the marital property. The mother appeals from the district court's rulings on the children's custody and the amount of the child support payments.

## A. Custody

■ The mother asserts that she should have been awarded custody of all three children and that the district court erred by separating the younger son from his sister and older brother. In reviewing a district court's decision regarding child custody, we defer to the discretion of the district court

"unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason un-

der the circumstances, as is said to mean an error of law committed by the court under the circumstances." *Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989).

*Uhls v. Uhls*, 794 P.2d 894, 896 (Wyo.1990).

■ The best interests of the children is the primary consideration when parental custody matters are being determined. *Fanning v. Fanning*, 717 P.2d 346, 352 (Wyo.1986). "[T]he 'goal to be achieved is a reasonable balance of the rights and affections of each of the parents, with paramount consideration being given to the welfare and needs of the children.'" *Love v. Love*, 851 P.2d 1283, 1287 (Wyo.1993) (quoting *Leitner v. Lonabaugh*, 402 P.2d 713, 720 (Wyo.1965)). *See also* Wyo.Stat. § 20–2–113(a) (Supp.1992).[1]

■ The general rule across the country is that separating siblings from each other through custody awards to different parents is not preferred. *See, e.g., Craig v. McBride*, 639 P.2d 303 (Alaska 1982); *Pennington v. Pennington*, 711 P.2d 254 (Utah 1985); and *In re Marriage of Moe*, 66 Or.App. 947, 676 P.2d 336 (1984). Keeping siblings together in the same household is generally considered to be the better practice. However, the effect of separating siblings from each other is just one of several factors courts consider in determining the primary issue—the best interests of the children. *See* Jay M. Zitter, Annotation, *Child Custody: Separating Children by Custody Awards to Different Parents—Post–1975 Cases*, 67 A.L.R. 4th 354, § 2[a] (1989). *See also In re Marriage of Barnthouse*, 765 P.2d 610 (Colo.Ct.App. 1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 184 (1989).

■ Taking the relevant facts into account, we cannot say that the district court abused its discretion by awarding primary custody of the younger son to the father and granting primary custody of the other two children to the mother. While some conflict in the evidence was present concerning the father's parenting skills, evidence existed showing that the father was

**1.** Amended by 1993 Wyo.Sess.Laws ch. 159, § 1   and ch. 218, § 1 effective July 1, 1993.

a fit parent and capable of adequately caring for the younger son.

The younger son was eleven years of age at the time the divorce decree was entered, and he stated that he preferred to live with his father. "The preference of a child of sufficient age and maturity is a factor to be considered by a court in ascertaining what is in the child's best interests." *Yates v. Yates*, 702 P.2d 1252, 1256 (Wyo. 1985), *quoted in Roberts v. Vilos*, 776 P.2d 216, 218 (Wyo.1989).

■ Additionally, the evidence showed that antagonism existed between the younger son and the other two children prior to the separation. Antagonism between siblings is another factor which a court may consider in deciding whether to separate siblings from each other. *In re Marriage of Slavenas*, 139 Ill.App.3d 581, 93 Ill.Dec. 914, 918, 487 N.E.2d 739, 743 (1985).

The evidence also showed that, during the temporary custody period while the father had primary custody of the younger son, the younger son's performance and behavior in school improved over what it had been prior to the parties' separation. *See Hayden v. Hayden*, 588 S.W.2d 165 (Mo.Ct.App.1979). Finally, the parents live about one hundred yards apart. As a consequence, the children see each other frequently. *See D.S.P. v. R.E.P.*, 800 S.W.2d 766 (Mo.Ct.App.1990) (there are fewer concerns with separating siblings if the children see each other often). The district court did not abuse its discretion in making the custody awards.

## B. Child Support

■ We review the district court's decisions on child support matters under the abuse-of-discretion standard. The district court has broad discretion in determining the proper amount of support to be awarded. *Roberts v. Roberts*, 816 P.2d 1293, 1296 (Wyo.1991).

■ The Legislature created guidelines to be used in establishing the proper child support amounts. Wyo.Stat. § 20–6–304 (Supp.1992).[2] These guidelines take the number of children and the obligor's monthly net income into consideration. *Id.* The child support guidelines "shall be rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts." Wyo.Stat. § 20–6–302(a) (Supp. 1992).[3] However, the court may deviate from the guidelines by looking to a comprehensive list of factors specified in Wyo. Stat. § 20–6–302(b) (Supp.1992).[4] *Hasty v. Hasty*, 828 P.2d 94, 98–99 (Wyo.1992); *Roberts*, 816 P.2d at 1295–96.

Neither the divorce decree nor the record specifies how the district court determined that $300 per month was the proper amount of child support. The evidence regarding the father's monthly net income was disputed. The amount of support awarded indicates that the district court accepted the lower income figure presented by the father. The district court, as the finder of fact, had discretion to decide between the conflicting evidence on the father's net income.

Since custody of the younger son was given to the father and custody of the daughter and older son was given to the mother, the district court, presumably, determined the relative child support responsibilities of each parent and offset the father's greater liability by the lesser amount the mother would be required to pay.[5]

2. Amended by 1993 Wyo.Sess.Laws ch. 184, § 1 effective March 5, 1993.

3. *See supra* note 2.

4. *See supra* note 2.

5. The father's monthly net income was $1,491.98 (monthly take-home pay of $1,581.14 less monthly payment of $89.16 for dependent health insurance). Under the child support guidelines, his child support obligation for the two children in the mother's care was $417.75. The mother's monthly net income was $540.85 (monthly take-home pay of $475.85 plus monthly heat assistance of $65). Pursuant to the child support guidelines, her child support obligation for the one child in the father's care was $91.94. If the father's greater support obligation were offset by the mother's lesser obligation, the father would owe monthly child support payments of $325.81 to the mother.

Even taking into account the offset, we note that the amount of child support awarded to the mother was $25.81 less than that provided for by the child support guidelines. When the district court deviates from the child support guidelines in determining the proper amount for child support, it is required to issue written or specific findings on the record to account for the deviation. Section 20–6–302(b). Under the facts of this case, we conclude that the slight deviation from the guidelines without issuance of the proper findings does not require us to reverse and remand this case to the district court. *Morehead v. Morehead,* 811 P.2d 721, 723–24 n. 1 (Wyo.1991). However, we emphasize that the trial courts should be careful to comply with the statutory requirements when they are issuing child support decisions.

Affirmed.