**Ronald Elliot PINTHER, Appellant (Defendant),**

v.

**Marcia Elaine PINTHER, Appellee (Plaintiff).**

No. 93–258.

Supreme Court of Wyoming.

Jan. 13, 1995.

Karen A. Byrne, Cheyenne, for appellant.

Rocklon L. Edmonds, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Ronald Elliot Pinther (the father) appeals from the district court's order which denied his petition to modify the custody provision in the parties' divorce decree and left custody of the parties' minor daughter with Appellee Marcia Elaine Pinther (the mother), modified his visitation rights, and increased the amount of his child support payments and from the district court's order which denied his motion for reconsideration.

We affirm.

## ISSUES

The father states three issues:

1. Whether the district court abused its discretion in determining that [the mother] should have custody of the minor child?

2. Whether the district court committed reversible error by allowing [the father's] present wife to testify against him in violation of the spousal privilege?

3. Whether the district court abused its discretion in determining that a substantial change of circumstances justified raising the support obligation?

## FACTS

The parties divorced in November 1987. The divorce decree granted custody of the parties' daughter to the mother, subject to specified visitation rights in the father. The divorce decree also ordered the father to pay child support in the amount of $220 per month, which amount was to increase automatically in October 1992 to $245 per month.

On October 9, 1992, the father filed a motion to modify the divorce decree in which he prayed for full custody of his daughter and for an order which would require the mother to pay child support on the basis of the child support guidelines. On October 21, 1992, the mother filed a petition to modify the divorce decree in which she requested that the amount of the father's child support payments be increased. After holding a hearing on the parties' motions, the district court issued an order which allowed the mother to retain custody of the parties' daughter, modified the father's visitation rights, and increased the amount of the father's child support payments to the presumed amount pursuant to the child support guidelines.

The father filed a motion for reconsideration in which he claimed, in part, that the district court had violated Wyoming law by failing to consider his other children when it

made its child support calculation. The district court denied the father's motion for reconsideration, and the father appealed to this Court.

### CUSTODY

■ The father contends that the district court abused its discretion by refusing to award custody of the parties' daughter to him.

In reviewing a district court's decision regarding child custody, we defer to the discretion of the district court

> " 'unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances.' *Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989)."

*Uhls v. Uhls*, 794 P.2d 894, 896 (Wyo.1990).

The best interests of the children is the primary consideration when parental custody matters are being determined. *Fanning v. Fanning*, 717 P.2d 346, 352 (Wyo. 1986). "[T]he 'goal to be achieved is a reasonable balance of the rights and affections of each of the parents, with paramount consideration being given to the welfare and needs of the children.' " *Love v. Love*, 851 P.2d 1283, 1287 (Wyo.1993) (quoting *Leitner v. Lonabaugh*, 402 P.2d 713, 720 (Wyo.1965)).

*Dowdy v. Dowdy*, 864 P.2d 439, 440 (Wyo. 1993).

After the divorce, the father married Carol Wolfe (the current wife). The mother and her daughter later moved from Cheyenne to live near Burns with the mother's boyfriend, and the daughter began attending elementary school in Cheyenne.

The parties presented extensive evidence to the district court.[1] Notably, the father attributed his daughter's reading abilities and, in part, her success in school to her

mother's encouragement. The father also testified that he suffered from "posttraumatic stress syndrome" which had caused him to have outbursts of anger, that he and his current wife had pushed and shoved each other in the past, and that he used moderate amounts of alcohol. The father's seventeen-year-old son also testified that the father had been violent with him and that the father and his current wife had disagreements which involved yelling at, hitting, and slapping each other in the presence of the daughter.

The district court's decision letter stated:

> I find that there have been no material changes in circumstances which justify a change in custody. Each party has [exercised], and likely will continue[ ] to exercise[,] poor judgment, especially in regard to relationships. Considering the many stormy, occasionally violent relationships of [the father], I cannot say it would be in the best interest of [the parties' daughter] to change custody. Custody shall remain with [the mother].

The district court did not exceed the bounds of reason under the circumstances of this case; therefore, we conclude that the district court did not abuse its discretion.

### VISITATION

■ The father asserts that the district court abused its discretion by modifying his visitation rights and by refusing to enforce the parties' informal visitation arrangement.

> The definition of rights of visitation is an aspect of the determination of custody, and it has been our consistent principle that in custody matters the welfare and needs of the children are to be given paramount consideration. The decision of the trial court with respect to such matters will not be disturbed by this court unless we can identify a clear abuse of discretion.

*Rowan v. Rowan*, 786 P.2d 886, 890 (Wyo. 1990) (citations omitted).

---

1. In addition to presenting testimony from the mother, the father, and the father's seventeen-year-old son, the parties presented testimony from the mother's boyfriend, the mother's former neighbor, the man who was convicted in 1989 of sexually assaulting the mother, the police officer who investigated the sexual assault against the mother, two of the father's acquaintances, and the father's current wife.

■ The original divorce decree granted the father visitation rights during the first weekend of each month, the third week of each month, and part of the summer; on some holidays; and, until his daughter started attending school, for two weeks between September 1 and December 15 and an additional two weeks between January 5 and June 1. After the divorce, however, the parties informally agreed that each parent would keep the daughter every other week. The parties' informal visitation arrangement was not binding upon the district court. "[T]he parties to a divorce may not modify a divorce decree without submitting those modifications to the district court for its consideration and approval." *Richardson v. Richardson,* 868 P.2d 259, 262 (Wyo.1994).

The daughter's elementary school was located near the father's house in Cheyenne and was located approximately twelve miles from the mother's home. The mother testified that she wanted to send her daughter to the school in Burns so that her daughter would be attending school closer to the mother's home. The mother requested that the father be granted visitation rights for every other weekend and during the summer.

The district court's decision letter stated:

I ... find that there has been a change in circumstances which warrants a modification of visitation. [The parties' daughter] is now in school (she was not at the time of the divorce) and has moved with her mother to Burns, Wyoming. The practice of changing the child's residence during the third week of each month conflicts with stability and continuity in the child's educational development, and is not logistically practical now that the child is in school and lives in another town. Visitation is modified to coincide with the standard visitation schedule I have attached.

The standard visitation schedule granted the father visitation rights for alternate holidays, alternate weekends, and two months during the summer, and it eliminated the father's visitation rights for the third week of each month and for the two additional weeks at both the end of the year and the beginning of the year.

The district court's modified visitation schedule was designed to serve the best interests of the parties' daughter by ensuring her educational development. The district court did not abuse its discretion by modifying the father's visitation rights.

### CHILD SUPPORT

The father claims that the district court abused its discretion by determining that a substantial change of circumstances had occurred which justified raising the amount of his child support payments pursuant to the child support guidelines.

The district court retains continuing jurisdiction to modify a divorce decree concerning matters of "care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children require[ ]." WYO.STAT. § 20–2–113(a) (Supp.1992).[2] *See also Nicholaus v. Nicholaus,* 756 P.2d 1338, 1340 (Wyo.1988). Any party may petition for a review of any child support order by alleging that the application of the child support guidelines would result in a twenty percent or more change in the monthly support amount or that any other substantial change of circumstances had occurred. WYO.STAT. § 20–6–306(a) (Supp.1992).[3] *See also Cranston v. Cranston,* 879 P.2d 345, 348 (Wyo.1994).

■ "The district court has broad discretion in determining the proper amount of a child support award. We will disturb the district court's ruling only upon a showing that the district court has abused its discretion." *Smith v. Smith,* 863 P.2d 624, 625 (Wyo.1993) (citation omitted). Abuse of discretion is defined as follows:

" 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been

---

2. Amended by 1993 WYO SESS LAWS ch. 159, § 1 and ch. 218, § 1 effective July 1, 1993.

3. Amended by 1993 WYO.SESS LAWS ch. 184, § 1 effective March 5, 1993.

said to mean an error of law committed by the court under the circumstances.'" *Roberts v. Roberts*, 816 P.2d 1293, 1297 (Wyo.1991) (*quoting Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)).

*Glenn v. Glenn*, 848 P.2d 819, 821 (Wyo. 1993).

■ The father contends that, because the mother filed an incomplete and inaccurate financial affidavit, she did not meet her burden of proving that a substantial change in circumstances had occurred which would warrant the increase in his child support obligation. The record reveals that the mother filed a financial affidavit as was contemplated by § 20–6–306(a). The district court ruled, however, that the mother's financial affidavit was incomplete, and, instead of using it, the district court used the father's financial affidavit and the mother's testimony to compute the parties' net income and to determine whether the father's child support obligation should be increased. The district court had adequate evidence before it to make its calculations and did not abuse its discretion when it used the father's affidavit and the mother's testimony to determine whether a substantial change in circumstances had occurred.

■ The father also contends that the district court "erred by not considering the father's support obligations to his other two children" in determining the amount of his child support payments. The district court did consider the father's other two children when it was calculating the father's child support obligation. As it stated in its decision letter, the district court relied upon the mother's testimony and the father's financial affidavit. In his financial affidavit, the father listed two children he was legally responsible for supporting who lived with him in addition to listing the parties' daughter as being a child he was responsible for supporting. The district court did not abuse its discretion when it did not deviate from the child support guidelines by including the other two children in the formula in determining the proper child support amount. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Dowdy*, 864 P.2d at 440.

## SPOUSAL PRIVILEGE

■ The father alleges that the district court committed reversible error when it permitted his current wife to testify against him because allowing the testimony to be admitted violated the spousal privilege.[4] The mother argues that, since the father and his current wife were separated at the time the hearing was held, the district court did not err when it permitted the current wife to testify or that, in the alternative, any error was harmless.

WYO.STAT. § 1–12–104 (1988) states:

*No husband or wife shall be a witness against the other except* in criminal proceedings for a crime committed by one against the other, or *in a civil action or proceeding by one against the other.* They may in all civil and criminal cases be witnesses for each other the same as though the marital relation did not exist.

(Emphasis added.) *See also* WYO.STAT. § 1–12–101 (Supp.1994).[5]

■ In construing a statute, we must determine whether the statute is clear or ambiguous. "[A] statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220. If the language of a statute is clear and unambiguous, we apply

4. The father does not contend that his current wife revealed any confidential marital communications.

5. Section 1–12–101(a)(iii) provides:

(a) The following persons shall not testify in certain respects:

. . . . .

(iii) Husband or wife, except as provided in W.S. 1–12–104[.]

the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1043 (Wyo.1993). *See also Padilla v. Lovern's, Inc.*, 883 P.2d 351, 353–54 (Wyo.1994).

 We hold that the language of § 1–12–104 is unambiguous and that, pursuant to § 1–12–104, one spouse may not testify against the other spouse even when they are separated or estranged at the time the testimony is offered.

Prior to the hearing, the mother subpoenaed the current wife to testify. The father filed a motion to quash the subpoena in which he asserted the spousal privilege and asked the district court to exclude the current wife's testimony. At the time of the hearing, the father and the current wife were separated, and they were engaged in divorce proceedings. The district court denied the father's motion and ruled that the privilege did not apply because the father and the current wife were estranged.

 This case involved a civil proceeding by the mother and the father against each other. Since the current wife was not a party, she should not have been permitted to testify. The district court's ruling, consequently, was erroneous. *Cf. Pike v. State*, 495 P.2d 1188 (Wyo.1972) (criminal proceedings). We conclude, however, that the admission of the current wife's testimony was harmless. *See id.* at 1189. "The general principle is that where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission or exclusion of incompetent evidence is not a ground for reversal." *Herman v. Speed King Manufacturing Company*, 675 P.2d 1271, 1279 (Wyo.1984).

The current wife testified essentially that the father was sometimes not tolerant of children, that he sometimes yelled and got physical with the children, that he got physical with her, and that his gruffness frightened his daughter. The current wife's testimony merely corroborated the testimony of other witnesses, including the father and his son, and the admission of the testimony was, therefore, harmless. Sufficient competent evidence existed to sustain the district court's decision.

### CONCLUSION

We hold that the district court properly modified the parties' divorce decree and that it did not abuse its discretion when it denied the father's motion for reconsideration.

Affirmed.