Martha K. JACOBS, Appellant (Plaintiff),

v.

Robert S. JACOBS, Appellee (Defendant).

Martha K. JACOBS, Appellant (Plaintiff),

v.

Robert S. JACOBS, Appellee (Defendant).

Nos. 94–116, 94–206.

Supreme Court of Wyoming.

May 10, 1995.

Marla Sue Gordon, Jackson, for appellant.

Daniel M. Hesse, and Robert B. Brodie of Goody & Brodie, Jackson, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

This opinion combines two appeals filed within three months of each other, both of which challenge orders entered by the district court resolving issues regarding custody of the parties' children.

## I. ISSUES

Between the parties, seventeen issues were enumerated. From that myriad of issues, we discern that two emerge as pivotal in this appeal:

I. Did the district court abuse its discretion by awarding custody to the father?

II. Did the district court err by not hearing the mother's alleged change of circumstances and W.R.C.P. 60(b) motions because the issue of custody was on appeal?

## II. FACTS

Martha K. Jacobs (mother) filed for divorce from Robert S. Jacobs (father) seeking custody of the parties' two children. The

father answered and counterclaimed for custody. The mother requested that a guardian ad litem be appointed. The guardian ad litem then arranged for an evaluation of the children to be conducted by Dr. Marcel Chappuis. The record contains no orders appointing the guardian ad litem or referencing the evaluation; however, both parties assert orders were entered, and obviously their actions are consistent with their assertions.

Before trial, the parties entered into a Settlement Agreement wherein they agreed that custody of the children would be determined by the recommendations of Dr. Chappuis. In addition to being bound by his recommendations, the parties agreed that if the recommendations of the guardian ad litem in any way altered, disagreed or contradicted the report of Dr. Chappuis, that either party could then contest the guardian ad litem's recommendations. Dr. Chappuis recommended that the father be awarded custody of the two children. The mother immediately moved to clarify inaccuracies contained in the report and to set aside the Settlement Agreement. These motions were denied by the court.

The father, alleging concern about the mother leaving the state with the children, filed an Emergency Motion for Legal Custody. The mother responded with a Motion for Temporary Custody, and a hearing was scheduled. At that hearing the court heard testimony, interviewed the children and, by order, concluded that the guardian ad litem agreed with Dr. Chappuis' recommendation and that nothing had occurred during the hearing to convince the court to set aside or disregard the recommendations. The court further found that custody in the father was in the best interests of the children and denied the mother's motion for temporary custody. It is from that order that the first Notice of Appeal was filed.

Following the Notice of Appeal, the district court entered a second order which reflected receipt of the guardian ad litem's recommendation for custody and visitation. That order set out, again, custody in the father and established visitation and child support obligations. The mother then filed a Motion to Change the Children's Counselor and a Motion for Change in Custody. The mother's motion to change custody alleged a change in circumstances based on the father's planned move out of the state and sought relief under W.R.C.P. 60(b) based on newly discovered evidence. The district court denied the mother's request to set a hearing on the motions because the matter was on appeal to this court. From that order the second Notice of Appeal was filed.

### III. DISCUSSION

Before going further, we acknowledge that among the issues asserted by the father was the mother's lack of cogent argument and authority regarding the issue of custody. The father's argument is well founded in this instance, and it is only because of the critical issue of child custody that the court will address the issue on its merits.

### A. Appeal No. 94–116: Custody

#### (a) Standard of Review

■ The determination of custody of a minor child rests within the sound discretion of the district court. *Curless v. Curless*, 708 P.2d 426, 429 (Wyo.1985). In reviewing a district court's decision regarding custody, we defer to the discretion of the district court "unless there is a procedural error or unless there is shown to be a clear abuse of discretion." *Pinther v. Pinther*, 888 P.2d 1250, 1252 (Wyo.1995) (*quoting Deen v. Deen*, 774 P.2d 621, 622 (Wyo.1989)). *See also Mulkey-Yelverton v. Blevins*, 884 P.2d 41, 43 (Wyo.1994); *Dowdy v. Dowdy*, 864 P.2d 439, 440 (Wyo.1993); and *Ayling v. Ayling*, 661 P.2d 1054, 1056 (Wyo.1983). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *DJG v. MAP*, 883 P.2d 946, 947 (Wyo.1994) (*quoting Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)).

A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances.

*Deen v. Deen,* 774 P.2d 621, 622 (Wyo.1989). *See also Pinther,* 888 P.2d at 1252; *Dowdy,* 864 P.2d at 440; *Uhls v. Uhls,* 794 P.2d 894, 896 (Wyo.1990).

### (b) Discussion

■ In the mother's first appeal, she asserts that the district court erred in awarding custody of the two children to the father. The district court has many factors to consider in making its decision regarding custody of a minor child. *Mulkey–Yelverton,* 884 P.2d at 44, and *see* W.S. 20–2–113(a) (1994). It is well established that the prime judicial objective in dealing with custody of minor children of divorced parents is to serve the best interests of the child. *Curless,* 708 P.2d at 430. We have stated:

> The best interests of the children is the primary consideration when parental custody matters are being determined. *Fanning v. Fanning,* 717 P.2d 346, 352 (Wyo. 1986). "[T]he 'goal to be achieved is a reasonable balance of the rights and affections of each of the parents, with paramount consideration being given to the welfare and needs of the children.'" *Love v. Love,* 851 P.2d 1283, 1287 (Wyo.1993) (*quoting Leitner v. Lonabaugh,* 402 P.2d 713, 720 (Wyo.1965)).

*Pinther,* 888 P.2d at 1252 (*quoting Dowdy,* 864 P.2d at 440). "Determining the best interests of a child in awarding custody is a question of fact for the trier of fact." *Deen,* 774 P.2d at 622 (*quoting Forbes v. Forbes,* 672 P.2d 428, 429 (Wyo.1983)). Furthermore,

> the matter of awarding custody in a divorce proceeding is a comparative proposition wherein the court exercises its best judgment and discretion, and custody will be awarded to the parent according to that which the court believes to be in the best interest and welfare of the children—all without regard to the fault of the divorcing parties. *Wilson v. Wilson,* Wyo., 473 P.2d 595 (1970).

*Curless,* 708 P.2d at 430.

A hearing was held by the district court addressing the father's Emergency Motion for Legal Custody and the mother's Motion for Temporary Custody wherein the court heard testimony and argument of counsel; conducted an interview with the children of the parties; reviewed the recommendations of Dr. Chappuis pertaining to custody; noted that the guardian ad litem concurred with Dr. Chappuis; noted that nothing occurred at the hearing which convinced the court not to follow the recommendation of Dr. Chappuis; and found it was in the best interests of the children to be in the primary custody of the father. The hearing was not reported. A statement of the proceedings pursuant to W.R.A.P. 3.03 was submitted to the court by the mother. The record is devoid of any objection or amendment to the statement or the court's acceptance of it. The mother asserts that the district court refused to approve and settle the statement.

■ In order to accept the mother's assertion and hold that the district court abused its discretion, we must review all of the proceedings in which the court heard evidence concerning custody of the children. *Feaster v. Feaster,* 721 P.2d 1095, 1096 (Wyo.1986). "'It is properly an appellant's burden to bring to us a complete record on which to base a decision.'" *Id.* (*quoting Scherling v. Kilgore,* 599 P.2d 1352, 1357 (Wyo.1979)).

Rule 4.03, W.R.A.P., clearly implies that a statement becomes part of the record only to the extent that it is settled and approved by the court. If a court states that it cannot recall the true facts from a proceeding, then the statement has not, and cannot, be approved or settled. In *Maynard v. Maynard,* Wyo., 585 P.2d 1201, 1202 (1978), we stated:

> Because the trial court did not approve or settle this portion of the statement as it refers to the evidence question, it is therefore no part of the record and cannot be accepted as such. It was not error for the judge to fail to settle the record insofar as he did not remember the matters suggested, and the judge's statement that he has no such recollection is conclusive.

*Feaster,* 721 P.2d at 1097 (citations omitted). *See* W.R.A.P. 3.03 (revised July, 1992).

■ The mother now submits a motion to this court to approve the statement. At-

tached to the mother's motion is the district court's letter in response to her proposed statement, wherein the court informed the mother that it would not approve and settle the statement. Because the mother submits the district court's letter along with her motion before us, we take notice of the letter and accept it as true. In the letter, the district court stated:

I have reviewed the statement. I find it to be heavily slanted in your favor. I don't have an independent recollection of everything that transpired at that hearing. The statement gives no indication of when the hearing was held, except in a footer. I am not going to sign off on anything like this unless everyone who was present at that hearing has a chance to review it and settle on it.

Accordingly, we deny the mother's motion. It is within the district court's discretion whether to approve a statement pursuant to W.R.A.P. 3.03. " 'It was not error for the [district court] to fail to settle the record insofar as [it] did not remember the matters suggested, and the [court's] statement that [it] has no recollection is conclusive.' " *Feaster*, 721 P.2d at 1097 (*quoting Maynard v. Maynard*, 585 P.2d 1201, 1202 (Wyo. 1978)).

■ The mother's attempt to settle the record was unsuccessful, and we have no way of knowing what evidence was actually presented to the district court at the hearing. Without either a transcript or an approved statement of the hearing, we cannot assume that the district court's findings were unsupported. *Feaster*, 721 P.2d at 1097. Furthermore, the district court's order clearly articulates its reasoning, and it is clear that the district court's paramount concern was the best interest and welfare of the children. Review of the entire record reveals no abuse of discretion by the district court.

## B.  *Appeal No. 94–206*

After the mother appealed the district court's determination of custody, she filed a motion to change custody based upon a change of circumstances and requested relief from the judgment based upon new evidence in accordance with W.R.C.P. 60(b). The dis-

trict court refused to hear the motions because the judgment involving custody was on appeal before this court. The mother asserts the court erred in not hearing her motions.

■ The district court retains continuing jurisdiction to modify a decree concerning matters of "care, custody, visitation and maintenance of the children." *Pinther*, 888 P.2d at 1253.

(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children.  * * * Either parent may petition to enforce or revise the decree. The court which entered the decree has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires.

W.S. 20–2–113(a) (1994). Wyoming Rule of Appellate Procedure 6.01(b) states:

(b) The appellate court shall acquire jurisdiction over the matters appealed when the case is docketed. In all cases, the trial court retains jurisdiction over all matters and proceedings *not the subject of the appeal*[.]

(Emphasis added.) The mother's motion for change of custody was based upon an allegation of changed circumstances since the time of the district court's order awarding the father custody of the children and thus did not involve matters that were the subject of her first appeal.

The district court also retained jurisdiction under W.R.A.P. 6.01(b) to hear the mother's request for relief from the judgment based upon W.R.C.P. 60(b). The mother asserted in her Rule 60(b) motion that she had discovered new evidence pertaining to the custody proceeding, matters which the district court did not previously have an opportunity to consider. Therefore, they would not be matters subject to the appeal under W.R.A.P. 6.01(b). It is important that the district court retain jurisdiction to hear and consider motions based upon newly discovered evidence after the original judgment has been

appealed to this court in order to determine whether the assertions contained therein are indeed correct and would alter its original judgment. *See Chicago Downs Ass'n, Inc. v. Chase,* 944 F.2d 366, 370 (7th Cir.1991); *Hoai v. Vo,* 935 F.2d 308, 312 (D.C.Cir.1991); *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1211 (7th Cir.1989) (cases discussing F.R.C.P. 60(b) and the district court's jurisdiction while on appeal). We have established a procedure to accomplish this:

> [D]uring the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand. * * * The logical consequence is that the district court may deny the motion although it cannot, until there has been a remand, grant it * * *. This allows a new appeal from the denial of the motion and often the appellate court can consider that appeal together with the appeal from the original judgment.
>
> \* \* \* \* \* \*
>
> * * * If the appellant chooses to pursue a Rule 60(b) motion, it should be filed in the district court, and the district court has jurisdiction to consider it.

*Doctors' Co. v. Ins. Corp. of America,* 837 P.2d 685, 686 (Wyo.1992) (*quoting* 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2873 (1973)).

We hold that the district court erred in refusing to hear and consider the mother's motion for change of custody and her request for relief from the judgment based upon newly discovered evidence in accordance with W.R.C.P. 60(b).

## IV. CONCLUSION

The district court's determination of custody in appeal 94–116 is affirmed. In appeal 94–206, we reverse and remand to the district court for further proceedings.