Alan McDONALD, Appellant (Plaintiff),

v.

Leah McDONALD, Appellee (Defendant).

No. 95–28.

Supreme Court of Wyoming.

Nov. 7, 1995.

Robert A. Hampe, Cheyenne, for appellant.

No appearance.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Alan McDonald (Father) appeals from an order which granted custody of his children to Leah McDonald (Mother). Finding no abuse of discretion, we affirm.

The parties to this action are the parents of three children. They were divorced in 1985, at which time Mother was pregnant with the oldest child. Custody of the unborn child was awarded to Mother. After the divorce, the parties continued living together until 1991, during which time two more children were born.

Within one month of the parties' final separation in 1991, Father sought custody of the oldest child claiming a change of circumstances; and on that same date, through a paternity action, sought custody of the two younger children. The district court found Father had failed to prove a change of circumstances had occurred with the oldest child and denied the request to change custody. The court further found the children should not be separated and awarded custody of the two younger children to Mother.

It is apparent from the record that the three days of trial represented for the first time a complete airing of issues relating to custody of all three children. We need not dwell on the district court's finding that a change of circumstances did not occur because the result is supported by the record and is clearly within the bounds of reason. *Pinther v. Pinther,* 888 P.2d 1250, 1252 (Wyo.1995); *Jacobs v. Jacobs,* 895 P.2d 441, 442 (Wyo.1995).

The primary concern of Father relates to his contention that Mother physically abuses the children. The record, however, discloses that both parties used physical means to discipline the children. Furthermore, it reflects Father's psychological abuse of the children along with instances of historical misconduct by both parties, including nonpayment of child support and interference with visitation.

On the positive side of the ledger, the record shows maturation of both parents and a sincere desire to be with their children. Father's repeated accusations of Mother's abusive behavior, while unsubstantiated by the responsible agencies to which he continually reported, resulted in Mother's voluntary participation in a variety of parenting classes. Mother also has full-time employment obviating further need of state assistance. Father is living with his parents and has their support in his efforts to properly parent his children. Father, while not openly acknowl-

edging his past behavior, appears to finally be placing the children's well being ahead of the enmity he felt for their mother.

With that brief summary of what the trial judge heard over three days from the parties, their families and many witnesses, the conclusion was reached that the best interests of the children dictated that Mother be the custodial parent. That was within his discretion. *Dowdy v. Dowdy,* 864 P.2d 439, 440 (Wyo.1993); *Uhls v. Uhls,* 794 P.2d 894, 896 (Wyo.1990).

Given the circumstances and evidence, we cannot conclude that the trial judge abused his discretion.

Affirmed.