Sandra Nicklas SCHERER, n/k/a Sandra Nicklas, Appellant (Plaintiff),

v.

Robert Lee SCHERER, II, Appellee (Defendant).

No. 96–15.

Supreme Court of Wyoming.

Jan. 31, 1997.

Robert A. Hampe of Robert A. Hampe, P.C., Cheyenne, for Appellant (Plaintiff).

Donald P. Prehoda, Jr. (argued), and Robert H. Leonard of Prehoda, Leonard and Janack, L.L.C., Laramie; Mary Elizabeth Galvan and Mary J. Chinnock of Mary Elizabeth Galvan, P.C., Laramie, for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

LEHMAN, Justice.

Following prolonged and vigorous litigation, the parties to this divorce action stipulated and agreed to an informal hearing before the judge in lieu of a formal trial. At issue in the divorce proceeding was a substantial amount of property and the custody of the parties' two minor children. Appellant now appeals the property distribution and custody arrangements.

We affirm.

### ISSUES

Appellant Sandra Nicklas Scherer frames the issues:

I. The trial court abused its discretion in failing to distribute the marital property[.]

II. Did the district court abuse its discretion in awarding visitation on an every other day basis?

III. Was there an abuse of discretion by the district court when the Sandra Nicklas Scherer Trust was awarded to appellant as a marital asset?

Appellee responds with the following issues:

I. Is the district court's decision, resulting from binding arbitration on the stipulation of the parties, subject to vacation or modification by this court?

II. Did the district court, sitting in binding arbitration on the stipulation of the parties, abuse its discretion in distributing the parties' marital property and by disposing of the Sandra Nicklas Scherer Trust as marital property?

III. Did the district court, sitting in binding arbitration on the stipulation of the

* Chief Justice at time of oral argument.

parties, abuse its discretion in specifying the parameters of the visitation awarded to the appellee?

## FACTS

Ending ten years of marriage, appellant filed a complaint for divorce on September 8, 1994, requesting primary care, custody and control of the parties' two minor children and distribution of the parties' assets and liabilities. A guardian ad litem was appointed to represent the interests of the children. The participation of the parties and counsel was contentious and vigorous. At a hearing held June 20, 1995, the parties disclosed to the court that they had reached a stipulation and agreement to submit the case to the court pursuant to an informal hearing in lieu of a formal trial. Thus, on June 20–21, 1995, the district court heard narrative and argument from both sides regarding what evidence would be presented as well as their respective positions thereon. The transcript of the informal hearing constitutes the entirety of the record before us. Thereafter, the court met separately with each side. Those proceedings, by stipulation, were not recorded.

On August 7, 1995, the court entered its decision letter, directing that appellant prepare the divorce decree. The parties, however, were unable to agree upon the decree. Consequently, a W.R.C.P. 58 hearing was held. At this hearing, the court was presented with two separate proposed divorce decrees. Going through each decree, line by line, the court listened to argument and ruled on each issue. At the conclusion of the hearing, the court again ordered appellant's attorney to prepare the decree. This hearing was also not recorded pursuant to stipulation.

On September 22, 1995, the court held yet another hearing because the decree of divorce had still not been submitted. Capsulizing the history of the case, the court ruled that no further argument would be entertained and ordered that the decree be filed within 15 days. The decree was filed October 19, 1995, incorporating the court's August decision letter and the Rule 58 hearing. Among other things, appellee was granted ownership of the Nicklas Scherer Livestock Ranch and its accessories, together with any liabilities thereon. Appellant was granted sole ownership of the Sandra Nicklas Scherer Trust, together with other personal and real property. As to custody, the court granted joint custody, with primary care, custody and control placed with appellant subject to liberal visitation by appellee. The court ordered a co-parenting arrangement with a specific visitation schedule granting appellee visitation on Tuesday and Thursday nights during the week and weekend visitation on those weekends whose Fridays are even numbered dates.

## DISCUSSION

### A. The informal proceeding versus binding arbitration

■ Appellee contends the informal proceeding was binding arbitration controlled by the Uniform Arbitration Act, W.S. 1–36–101 et seq. (1977) (Act). From the meager record before us, we cannot so conclude. The record discloses that the parties agreed and stipulated to an informal hearing. The record variously describes the proceedings as "hybrid," "binding mediation," "binding arbitration," and "binding mediation arbitration." This language does nothing to legally define whether or not the issues involved were appealable. First, the Act was never invoked by either the parties or the court and, in fact, was never mentioned. Secondly, W.S. 1–36–103 defines arbitration as a contractual right. There is no reference to any arbitration agreement in the record. Furthermore, the court, at the September 22, 1995 hearing, acknowledged that the issues were appealable when it stated: "Either party is welcome, of course, to subject my rulings, the record in this case, any of my decisions to any appellate scrutiny they wish, represented by whomever they wish, but this portion of litigation, in my mind, is over." Consequently, we must treat the informal proceeding as if it were a formal trial proceeding and allow the appeal based upon an abuse of discretion standard.

### B. Distribution of marital property and child custody/visitation

■ It is a well-established rule that the determination of the district court with re-

spect to custody and visitation, calculation of income for purposes of child support, and the division of marital property, together with its allocation of attorney fees and costs, will not be overturned on appeal unless the record demonstrates a clear abuse of discretion. *Triggs v. Triggs,* 920 P.2d 653, 656 (Wyo. 1996); *Harkins v. Harkins,* 917 P.2d 176, 177 (Wyo.1996); *Dowdy v. Dowdy,* 864 P.2d 439, 440 (Wyo.1993). Reasonable conclusions of the district court based upon the evidence are not to be disturbed on appeal, and reversal is mandated only when the judgment of the district court exceeds the bounds of reason or constitutes an error of law under the circumstances. *Triggs,* at 657; *Combs v. Sherry–Combs,* 865 P.2d 50, 55 (Wyo.1993). Our review entails evaluation of the sufficiency of the evidence to support the district court's decision by affording to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. *Triggs,* at 657; *Cranston v. Cranston,* 879 P.2d 345, 351 (Wyo.1994).

When it comes to child custody matters and visitation, the best interest of the children is the primary consideration, and such a determination is a question for the trier of fact. *Jacobs v. Jacobs,* 895 P.2d 441, 443 (Wyo.1995); *Pinther v. Pinther,* 888 P.2d 1250, 1252 (Wyo.1995); *Dowdy,* 864 P.2d at 440; W.S. 20–2–113(a) (1994). As to division of marital property, a district court is required to make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. W.S. 20–2–114 (1994); *Triggs,* at 659. The district court's disposition of property is discretionary, and an abuse of discretion is to be found only if the division of property appears so unfair, inequitable or unconscionable that reasonable persons could not abide it. *Triggs,* at 659; *Neuman v. Neuman,* 842 P.2d 575, 578–79 (Wyo.1992).

In this case, due to the total inadequacy of the record, we are unable to discern any basis for a conclusion that there was an abuse of discretion by the district court. It is properly appellant's burden to bring to us a complete record on which to base a decision, and this rule has been followed in numerous decisions. *Scherling v. Kilgore,* 599 P.2d 1352, 1357 (Wyo.1979); *Jacobs,* 895 P.2d at 443; *Munoz v. Munoz,* 919 P.2d 138, 140 (Wyo.1996); *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996). We have no way of affording relief to appellant in the absence of some error of law in the decree of divorce from which appeal was taken. *Accord, Munoz,* at 140. There is no evidence before us against which to test the district court's exercise of discretion. *Id.* Appellant offers assertions in her brief regarding these issues, but the record does not support them. *Accord, Munoz,* at 140. Without a transcript other than that from the informal hearing, which was nothing more than colloquies, or an agreed statement of the evidence in the record, we cannot assume the court's findings and conclusions were unsupported. *Accord, Munoz,* at 140; *Jacobs,* at 444; *Feaster v. Feaster,* 721 P.2d 1095, 1097 (Wyo.1986). To the contrary, we assume the district court followed both statutory as well as case law.

## CONCLUSION

The informal proceeding that took place in this divorce was not the type of "binding arbitration" that precluded appellant from appealing these issues; however, because of the absence of an adequate record, appellant has failed to show the district court abused its discretion.

Affirmed.