**Lawann Erin CLARK, n/k/a Lawann Erin Wunder, Appellant (Plaintiff),**

v.

**Michael James CLARK, Appellee (Defendant).**

No. 98–162.

Supreme Court of Wyoming.

May 25, 1999.

Donald E. Miller of Graves, Miller & Kingston, Cheyenne, Wyoming, Representing Appellant

Kathryn J. Edelman of the Law Office of Kathryn J. Edelman, Gillette, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Appellant, LaWann Erin Clark, n/k/a LaWann Erin Wunder (Mother), claims the district court abused its discretion in granting primary custody of the parties' three children to appellee, Michael James Clark (Father). Finding the district court's decision consistent with the evidence, we affirm.

## I. ISSUES

The Mother presents the following issues for review:

I. Did the district court abuse its discretion when it awarded primary custody of the children to the husband? That is, were the findings of the court inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence?

II. Did the district court articulate those factors which it considered and how those factors supported its conclusions, sufficiently for this court to determine whether the district court abused its discretion?

## II. FACTS

The parties' first child was born in November 1988, and their second in 1990. They married in January 1991, but the union began to deteriorate after the birth of their third child in 1992. Following a short separation in 1995, the parties attempted reconciliation. Unfortunately, the efforts to maintain the marriage were unsuccessful, and the Mother filed for divorce in March 1997.

A hearing regarding temporary child custody and support was held in July 1997. The Father was awarded primary custody through the summer, and the Mother resumed custody one week prior to the start of school pending further order of the district court. Trial, scheduled for one day, began on October 16, 1997. The Mother submitted her case on that day, but the Father was unable to finish his presentation. Temporary custody was awarded to the Father based on the evidence taken at the temporary hearing and the evidence presented to that point of the trial. The district court conditioned custody on the Father obtaining a full-time babysitter.

The trial continued for one day in January 1998. At the end of trial, the district court acknowledged that the Father's work schedule was chaotic and that he had not yet managed to secure the services of a reliable full-time babysitter. Even so, the Father was awarded custody of the children, with the district court finding as follows:

> But I've repeatedly stated in these hearings that one of the things that I look for in parents is that quality of self-abnegation, putting the children's interests ahead of personal interests, and I guess the antithesis is the kind of self-indulgent hedonism that I see evidenced by Mrs. Clark.

The Mother then filed this timely appeal.

## III. STANDARD OF REVIEW

As we recently stated in *Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo.1998):

> Custody, visitation, child support, and alimony are all committed to the sound discretion of the district court. *Scherer v. Scherer*, 931 P.2d 251, 253–54 (Wyo.1997); *Triggs v. Triggs*, 920 P.2d 653, 657 (Wyo. 1996); *Basolo v. Basolo*, 907 P.2d 348, 352 (Wyo.1995). It has been our consistent

* Retired November 2, 1998.

principle that in custody matters, the welfare and needs of the children are to be given paramount consideration. *Scherer,* 931 P.2d at 254; *Rowan v. Rowan,* 786 P.2d 886, 890 (Wyo.1990); *see also Gurney v. Gurney,* 899 P.2d 52, 55 (Wyo.1995) and *Fink v. Fink,* 685 P.2d 34, 36 (Wyo.1984). The determination of the best interests of the child is a question for the trier of fact. "We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." *Fink,* 685 P.2d at 36.

A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Pinther v. Pinther,* 888 P.2d 1250, 1252 (Wyo.1995) (*quoting Dowdy v. Dowdy,* 864 P.2d 439, 440 (Wyo.1993)). Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. *Triggs,* 920 P.2d at 657; *Cranston v. Cranston,* 879 P.2d 345, 351 (Wyo.1994). Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained. *Jones v. Jones,* 858 P.2d 289, 291 (Wyo.1993). Similarly, an abuse of discretion is present " 'when a material factor deserving significant weight is ignored.' " *Triggs,* 920 P.2d at 657 (*quoting Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo.1993)).

## IV. DISCUSSION

Charging that the district court's decision is contrary to the great weight of the evidence, the fundamental flaw in the Mother's argument is that she can point only to testimony contradicting evidence of factual issues. It is not our role to retry this case on appeal. " 'The review standard recognizes that deference must be given to the opportunity of the trial court to judge the credibility of the witnesses, and that a reviewing court will not set aside the court's findings merely because it might have reached a different result.' "

*Stansbury v. Heiduck,* 961 P.2d 977, 978 (Wyo.1998) (*quoting Doenz v. Garber,* 665 P.2d 932, 937 (Wyo.1983)). The trial judge is in the best position to assess the credibility of witnesses and weigh their testimony, and, thus, this Court accords considerable deference to the trial judge's findings. *Raymond v. Raymond,* 956 P.2d 329, 332 (Wyo.1998).

In this case, testimony revealed that the Mother's pursuit of her own interests engendered detrimental consequences for her children. Without going into unnecessary detail, examples of the evidence include: the Mother's unnecessary demands for police presence during visitation exchanges; the Mother's inability to rise in the morning, resulting in the children's excessive tardiness at school; leaving the children unsupervised while the Mother went out; and the children's unexpected overnight stays with babysitters. In contrast, the district court heard evidence that the Father was caring, competent, and involved with the children as much as possible. In addition, the Father had changed his position at work so that he was not required to leave the city of Gillette.

Given this evidence, we cannot agree with the Mother that her role as primary caretaker of the children was disregarded by the district court. We find this factor was considered, but the quality of care reasonably caused the district court's concern. Further, we find no merit in the Mother's contention that the district court did not sufficiently state the basis for its decision. *See Reavis,* 955 P.2d at 431 (*quoting* Maurice Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L.Rev. 635, 665–66 (1971)) (" '[t]o play fair, a trial judge relying on discretionary power should place on record the circumstances and factors that were crucial to his determination.' "). While the district court's reasoning may be brief, it adequately directs us on review.

## V. CONCLUSION

The district court's award of primary custody to the Father is supported by the

weight of the evidence, and is, therefore, affirmed.