Martha Elaine MULKEY–YELVERTON, f/k/a Martha Elaine Smith, Appellant (Defendant/Petitioner),

v.

Richard BLEVINS, f/k/a Richard Smith, Appellee (Plaintiff/Respondent).

No. 93–235.

Supreme Court of Wyoming.

Nov. 9, 1994.

John A. Thomas, Evanston, representing appellant.

Roger Cowan of Harris, Morton and Cowan, P.C., Evanston, representing appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY,** and TAYLOR, JJ.

TAYLOR, Justice.

In this appeal, the mother of a minor child challenges the denial of a petition for modification of custody. Asserting that the district court abused its discretion, the mother maintains that the child's preference to live with her mother instead of her father was not given appropriate weight. The district court ruled, despite the child's strong preference, that there was no material or substantial change in circumstances warranting a modification of legal custody.

We affirm.

## I. ISSUES

Appellant, the mother, presents the following issue:

Whether the district court, though apparently contemplating the preference of [KB], failed in its final order to acknowledge and give the appropriate weight to her wishes thereby abusing its discretion and entering an order which is clearly erroneous, manifestly wrong, and totally against the evidence?

Appellee, the father, rephrases the same issue:

Whether considering all the evidence as a whole there were any changes in circumstances regarding custody of [KB] which the trial court failed to recognize or ignored thereby abusing its discretion.

## II. FACTS

Richard Blevins, formerly known as Richard Smith (hereinafter Richard), and Martha Elaine Mulkey–Yelverton, formerly known as

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

Martha Elaine Smith (hereinafter Martha), were married on September 25, 1976. During their marriage, Richard and Martha had two children, a son, TB, and a daughter, KB. Richard and Martha divorced in 1982. Richard was awarded legal custody of the two minor children.

On August 11, 1992, Martha filed a petition to modify the divorce decree, seeking custody of KB. Martha asserted KB's desire to live with her was one of several alleged substantial and material changes of circumstances justifying a modification of custody. The district court found that it was in KB's best interest to remain in the legal custody of her father. The district court, however, clarified ambiguous visitation provisions set out in the original divorce decree and established a child support obligation to be paid by Martha.

On May 6, 1993, Martha filed a petition to modify the amended divorce decree, again seeking custody of KB. Martha asserted KB's continuing desire to live with her as support for the change in legal custody. Testimony at a hearing on the petition indicated that KB's desire to live with her mother was obsessive. KB called her mother several times a day, often talking to her for hours at a time. Declining scholastic performance was also attributed to the time and effort KB exerted in establishing a stronger relationship with her mother.

Testimony at the hearing also indicated that in the ten years following her divorce, Martha had made little effort to maintain a relationship with her children. She contacted KB briefly in 1986, but was otherwise absent from her life. Richard maintained that given Martha's past history with KB, a change in custody would not be in KB's best interests. Richard also testified that a change in custody would have a detrimental effect on the close relationship KB had with her older brother.

After reviewing all of the evidence, the district court determined that Martha had failed to establish that a material change of circumstances had occurred. In its opinion letter, the district court noted KB's intense desire to live with her mother and strongly recommended that Richard allow KB to live with Martha for a year. On September 9, 1993, the district court filed an order denying the petition to modify legal custody.

## III. DISCUSSION

■ The district court exercises broad discretion in decisions involving the modification of custody. *Love v. Love*, 851 P.2d 1283, 1286 (Wyo.1993) (*quoting Gaines v. Doby*, 794 P.2d 566, 570 (Wyo.1990)). "[W]e will not interfere with the decision of the district court unless there is a procedural error or unless there is shown to be a clear abuse of discretion." *Ayling v. Ayling*, 661 P.2d 1054, 1056 (Wyo.1983). "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993).

Martha attempts to identify a dichotomy between the district court's recommendation to Richard that KB be allowed to live with her mother for a time and the district court's decision denying a modification of custody. Martha argues that the district court recognized in its opinion letter that there was a distinct possibility of harm to KB's well-being unless she was allowed to live with her mother. The district court stated:

[T]he Court would strongly recommend to [Richard] that he allow his daughter to live with her mother, at least for this year. [KB] is an endearing and remarkable individual. Her obvious intelligence, good sense, sweetness and maturity was exceeded only by her sorrowful yearning for her mother. This is a yearning so intense as to be unhealthy, presenting the distinct possibility of material harm if not satisfied. If [KB] were allowed to live with her mother, the Court is confident of her abilities to handle the situation.

Despite this recommendation, Martha contends the district court failed to acknowledge KB's strong preference in deciding that there was no material change in circumstances. We disagree.

■ The party seeking to modify the provisions of a child custody decree bears the burden of demonstrating that a substantial or material change of circumstances has occurred subsequent to the entry of the exist-

ing decree. *Roberts v. Roberts,* 816 P.2d 1293, 1296 (Wyo.1991). The requested modification of custody must also be in the best interests of the child. *Goss v. Goss,* 780 P.2d 306, 312–13 (Wyo.1989). A child's unequivocal preference to live with a particular parent is a factor to be considered, but the expression of a preference is not conclusive. *Love,* 851 P.2d at 1289–90 (*quoting Yates v. Yates,* 702 P.2d 1252, 1255 (Wyo.1985)).

■ We hold that the district court followed proper procedure and gave serious consideration to KB's expressed preference to live with her mother. *Love,* 851 P.2d at 1290. The district court conducted a lengthy examination of KB to determine her preference. At the time, KB was fourteen years old. She answered the questions carefully and revealed her feelings to the court and her parents. As a result of that examination, the district court issued a strong recommendation that Richard permit KB to live with her mother for a time. The district court expressed its confidence that KB would benefit from such a period of extended visitation.

■ In reaching its decision to deny the petition, the district court also considered testimony about other influences on KB's welfare and whether there had been a substantial change in those circumstances. The district court considered KB's maturity and her motivation for wanting to live with her mother. Furthermore, the district court addressed concerns about Martha's past neglect in maintaining a relationship with her daughter. Finally, the district court considered the undesirability of separating KB from her brother. In evaluating these various factors, the district court determined that Martha had failed to establish that a substantial change in circumstances had occurred. *Roberts,* 816 P.2d at 1296.

■ The district court has many factors to consider in making its decision regarding custody of a minor child. *See* Wyo.Stat. § 20–2–113(a) (1994). The person granted legal custody is charged with a responsibility for the care, control and maintenance of that child at all times; in other words, serving the best interests of the child. *Curless v. Curless,* 708 P.2d 426, 430 (Wyo.1985). Even

when another person has physical custody of the child for a time, the person with legal custody remains responsible for the consequential decisions affecting the child's health and welfare, such as which school to attend. Continuity in legal custody, therefore, helps to assure a stable environment even when other lifestyle changes may be taking place.

The district court had a difficult decision to make. The impassioned plea of KB to live with her mother had to be balanced against the security and guidance that had resulted in her capable upbringing. The district court arrived at a decision in the best interests of KB. *Goss,* 780 P.2d at 312–13. The district court strongly recommended to Richard that KB be allowed to live with her mother for a time to permit their relationship to flourish. However, even if KB is allowed to live with her mother, in accord with the district court's recommendation, legal custody would remain with Richard so that continuity in KB's welfare is assured. The district court determined that KB's desire to live with her mother did not constitute a material change in circumstances. This decision is one which the district court, hearing the facts and observing the witnesses, is in the best position to make. Our review does not disclose any procedural error or abuse of discretion. *Ayling,* 661 P.2d at 1056.

Richard also requests that he be awarded attorney's fees and costs for this appeal. This court may award attorney's fees "[i]f the court certifies there was no reasonable cause for the appeal * * *." W.R.A.P. 10.05. Awards of fees and damages under W.R.A.P. 10.05 are not appropriate where a discretionary ruling of the district court is questioned. *Smith v. Smith,* 863 P.2d 624, 626 (Wyo. 1993); *James S. Jackson Co., Inc. v. Meyer,* 677 P.2d 835, 839 (Wyo.1984). Richard's request for attorney's fees is denied. Richard is entitled, as a successful appellee, to recover the cost for publication of his brief. W.R.A.P. 10.05.

## IV. CONCLUSION

A child's preference to live with one parent is a factor to be considered in petitions to

modify custody; however, it is not dispositive. The district court must weigh all relevant evidence to determine whether a material change in circumstances has occurred. The district court did not abuse its discretion in denying the petition for modification of custody.

Affirmed.