Linda L. WILCOX–ELLIOTT, Appellant
(Plaintiff/Respondent),

v.

Robert Alvin WILCOX, Appellee
(Defendant/Petitioner).

No. 96–92.

Supreme Court of Wyoming.

Oct. 9, 1996.

Linda L. Elliott, pro se.

Richard R. Jamieson, Casper, for Appellee (Defendant/Petitioner).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Linda Wilcox–Elliott (the mother) appeals from the order in favor of Appellee Robert Wilcox (the father) which modified the parties' divorce decree with respect to the custody of their children.

We affirm.

## ISSUES

The mother presents the following issues for our review:

### ISSUE NUMBER ONE

Did the trial court err as a matter of law in finding that a material change in circumstances had occurred since the entry of the decree of divorce between the parties?

### ISSUE NUMBER TWO

Did the trial court abuse its discretion in failing to consider the best interests of the minor children?

### ISSUE NUMBER THREE

Did the trial court err in failing to consider the past history of the appellee in failing to consider the best interests of his children by contributing to their financial and emotional support?

### ISSUE NUMBER FOUR

Did the trial court err in failing to apply the criteria set forth by this Court in considering the preference of the children?

### ISSUE NUMBER FIVE

Did the trial court's reliance on the report of the guardian ad litem deny appellant her rights of due process of law?

## FACTS

The mother and the father were granted a divorce on August 12, 1992. The mother was awarded primary custody of the parties' two minor children, and the father was given reasonable visitation rights.

At the time of the divorce, the parties both resided in Casper. After the divorce decree was entered, the mother married and moved to Colorado. The relationship between the mother and her husband (Elliott) became abusive, and the mother and Elliott subsequently separated. Shortly thereafter, the mother began living with another man (Raza). She lived with Raza for a short period of time and then moved back and forth between Elliott and Raza.

The father filed a petition to have the divorce decree modified so that he would have primary custody of the children. A guardian *ad litem* (the guardian) was appointed to represent the children's interests in the proceeding.

After considering the record evidence and twice interviewing the children, who communicated their desire to live with their father, the guardian determined that a material change in circumstances had occurred and recommended to the district court that primary custody be given to the father. The district court followed the guardian's recommendations and modified the divorce decree accordingly. The mother appeals to this Court.

## STANDARD OF REVIEW

■ The district court exercises broad discretion in making decisions which pertain to child custody. *Mulkey–Yelverton v. Blevins,* 884 P.2d 41, 43 (Wyo.1994).

This court will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not

abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances....

*Deen v. Deen,* 774 P.2d 621, 622 (Wyo.1989).

## DISCUSSION

### A. Material Change in Circumstances

Most of the mother's issues boil down to the question of whether the district court abused its discretion when it modified the child custody provision in the divorce decree. The mother claims that the father did not establish that a material change in circumstances had occurred since the divorce decree was entered. The father argues that sufficient evidence supported the material-change-in-circumstances finding.

 The party who is seeking a modification of a divorce decree as it pertains to child custody bears the burden of showing that a substantial or material change in circumstances which affects the child's welfare occurred subsequent to the entry of the initial decree, that the change warrants modification of the decree, and that the modification will be in the child's best interests. *DJG v. MAP,* 883 P.2d 946, 947 (Wyo.1994); *Mulkey–Yelverton,* 884 P.2d at 43–44. A child's unequivocal preference to live with a particular parent is a factor which must be considered, but such a preference is not conclusive. *Mulkey–Yelverton,* 884 P.2d at 44. In order to decide whether a showing of material or substantial change in circumstances has been made, we examine the record to determine whether the district court could reasonably conclude from the evidence that such a change occurred. *DJG,* 883 P.2d at 947.

 A lot of changes have occurred in both parties' lives since the initial decree was entered in 1992. The mother continues to have relationships with men which are detrimental to her children's well-being. The record indicates that, before the mother married Elliott, she was involved with a man who exhibited nudity in the home and engaged in abnormal sexual practices. Elliott, the man with whom she has reconciled and to whom she is currently married, has been abusive to her in the children's presence and has a criminal record. Additionally, Elliott's son showed the children pornographic movies.

Raza testified at the hearing that the mother has a violent temper and that she verbally and physically attacked the children. He said that he heard the mother call the children vulgar names and that he saw her throw things when she got upset with the children. The children confirmed this testimony in their interview with the guardian.

Conversely, the record evidence indicates that the father's situation has improved. Although at the time of the divorce he was unemployed, was living at a rescue mission, and failed to provide child support for the children, he has since married a woman whom the children are very fond of, and he has a job. He and his wife bought a home and are able to provide for the children. Although the father was abusive toward his stepson several years ago, he has been attending counseling on a regular basis for the past few years, and his counselor testified that the father has made tremendous progress and has dealt with his anger problem in therapy.

The guardian recommended that the children's custody be changed to the father. The guardian was concerned with the mother's erratic life style as well as with her temper. The guardian reported that, both times the children were interviewed, they expressed their desire to live with their father. The guardian believed that the children were telling him the truth and that their stated preferences were not coerced in any way. He reported that the children seemed to be doing well under their father's care and that the father's home was a more stable environment for the children.

The record reveals an extreme decrease of stability in the mother's life compared to a significant increase of stability in the father's life. Sufficient evidence supported the determination that a substantial or material change in circumstances had occurred and that it was in the children's best interest for them to live with their father. The district court's decision to modify the divorce decree with regard to the children's custody, therefore, was reasonable.

### B. Due Process

 The mother claims that she was denied her due process right when the district court relied upon the guardian's report. We agree that a parent is entitled to have due process in custody matters, which includes adequate notice and an opportunity to be heard. *Goss v. Goss,* 780 P.2d 306, 310 (Wyo. 1989); *Hall v. Hall,* 708 P.2d 416, 420–21 (Wyo.1985); *Tanner v. Tanner,* 482 P.2d 443, 445 (Wyo.1971). Those requirements were met in this case. A hearing was conducted, and the mother was present at that hearing.

 The mother asserts, however, that she was not able to cross-examine the guardian with regard to some of his findings. The mother's attorney had an opportunity to cross-examine the guardian and, in fact, asked a question on cross-examination. Although the guardian did not have his report finalized at the time of the hearing, he gave the court a verbal summary of his impressions. The mother's attorney did not object to this procedure, nor did he request that a continuance be granted until the report could be reduced to written form. We conclude that the district court did not deprive the mother of her due process right by relying on the guardian's report.

### CONCLUSION

We hold that the district court did not abuse its discretion when it modified the child custody portion of the parties' divorce decree.

Affirmed.