Candi A. COBB, Appellant (Respondent),

v.

James C. COBB, Appellee (Petitioner).

No. 99–199.

Supreme Court of Wyoming.

April 20, 2000.

Rehearing Denied May 23, 2000.

Representing Appellant: Randolph Hiller, Laramie, WY.

Representing Appellee: Jo Ann Fulton, Laramie, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Candi A. Cobb (Mother) appeals from a district court order modifying child custody and establishing visitation. She contends the district court abused its discretion when it awarded custody to James C. Cobb (Father) and gave her the same visitation rights that Father had when Mother had custody. We hold the district court did not abuse its discretion, and we affirm.

## ISSUES

This statement of the issues appears in Mother's brief:

I. Did the Court Abuse Its Discretion When it Modified the Custody Arrangement?

    A. Did the Court err in finding a substantial change of circumstances?

    B. If there was a substantial change of circumstances, does the change warrant a modification of custody?

II. Did the Court abuse its discretion when it reversed the visitation schedule in the original Decree?

Father states the issues as:

    1. Was there a substantial and material change of circumstances to warrant a modification of child custody, child support and visitation?

    2. Was a change of custody, support and visitation in the best interests of the minor children?

## FACTS

Mother and Father were granted a divorce on March 25, 1993. Pursuant to a settlement agreement, Mother was awarded primary custody of their twin sons, and Father was awarded visitation rights. In November 1995, Mother and the children moved in with her boyfriend and his three children from a prior marriage. In the summer of 1998, they moved out of the boyfriend's home, and she began a sexual relationship with another man. That November, she signed an affidavit alleging abuse, stalking, and harassment by the boyfriend. A temporary order of protection was issued on November 10, 1998. Mother and her boyfriend apparently resolved their differences, as she and the children subsequently moved back into his home.

Father filed the instant Petition to Modify Child Custody, Child Support and Visitation on January 5, 1999. At a bench trial, the district court heard testimony that Mother's boyfriend had physically abused her in front of the children and had threatened or intimidated Father, Mother's temporary paramour, Mother's friends, and Mother. The court also learned that visitation exchanges between Mother and Father routinely involved the police because of the boyfriend's antagonism toward Father. On April 8, 1999, the district court issued its decision letter, stating that it would award primary custody to Father and give to Mother the same visitation rights that Father previously had. Mother filed a timely appeal with this court.

## STANDARD OF REVIEW

■ Decisions pertaining to child custody are within the sound discretion of the trial court and will not be disturbed absent procedural error or a clear abuse of discretion. *Wilcox–Elliott v. Wilcox,* 924 P.2d 419, 420–21 (Wyo.1996), *overruled on other grounds by Clark v. Alexander,* 953 P.2d 145, 154 (Wyo.1998).

We recently clarified the definition of abuse of discretion when we said the core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236, 1238 (Wash.App.1985)); *Basolo [v. Basolo ],* 907 P.2d [348] at 353 [ (Wyo.1995) ]. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Thomas v. Thomas,* 983 P.2d 717, 719 (Wyo. 1999).

## DISCUSSION

### Custody Modification

■ In her first assignment of error, Mother argues that the district court erred in awarding custody of the children to Father. The district court correctly invoked the test this court has prescribed for such situations:

    A party who is seeking to modify the child custody provisions of a divorce decree has the burden of showing that

        a substantial or material change in circumstances which affects the child's welfare occurred subsequent to the entry of

the initial decree, that the change warrants modification of the decree, and that the modification will be in the child's best interests.

*Sorensen v. May,* 944 P.2d 429, 432 (Wyo. 1997) (quoting *Wilcox–Elliott,* 924 P.2d at 421). The court found "that there has been a substantial change of circumstances since the date of the original decree . . . in the form of Ms. Cobb's involvement with [her boyfriend] and the consequent abuse, harassment and 'stalking' as she has alleged under oath." The court further held that the change warranted modification of custody and that modification would be in the best interests of the children.

■ We see this case as factually and procedurally similar to *Wilcox–Elliott.* In that case we affirmed the district court's decision to transfer primary custody from the mother to the father because the record revealed "an extreme decrease of stability in the mother's life compared to a significant increase of stability in the father's life." *Id.* at 421. In the case at hand, Mother's life has, in consequence of her own voluntary choices, become highly unstable. In contrast, Father has remarried; obtained a full-time, tenured teaching position; and purchased a home large enough for each child to have a separate bedroom. We hold that, based on the evidence in the record, the district court could reasonably conclude that a material change in circumstances had occurred.

■ Having agreed that a material change occurred, we must next ask whether that change warranted a change in custody and, if so, whether the change was in the best interests of the children. The district court found that domestic violence had occurred in the home Mother shared with her boyfriend. It reasoned that domestic violence warranted a change in custody to protect the children from potential abuse and looked to Wyo. Stat. Ann. § 20–2–113(a) (Lexis 1999)[1] in concluding that protecting the children was in their best interests. The court aptly concluded, "[w]hile the record discloses no actual violence toward either of the boys at this time, this Court is not required to sit idly by until some form of physical or emotional harm is done to [them]." We see nothing in the record to support a claim that the court abused its discretion in awarding primary custody to Father.

*Visitation*

■ Mother next scores the district court for granting her the same visitation rights that Father enjoyed while she had custody of the children. In accordance with our abuse of discretion standard, the court was not required to arrive at the best possible visitation plan; it merely has to be reasonable under the circumstances. The plan was one upon which Mother and Father agreed in their divorce settlement, which supports a supposition that both must have thought it was sufficient to allow the noncustodial parent to maintain a relationship with the children. In addition, we note that Mother did not propose an alternate visitation plan before or during the trial. Given the information before the court, we see nothing unreasonable about the visitation awarded.

Because the district court did not abuse its discretion in modifying child custody or awarding visitation, we affirm.

---

1. Wyo. Stat. Ann. § 20–2–113(a) provides that "[t]he court shall consider evidence of spouse abuse or child abuse as being contrary to the best interest of the child." Although the abuse of Mother at the hands of her boyfriend is not technically "spousal" abuse because they are not married, we agree with the district court that the statute is applicable to non-marital domestic relationships.