This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 30,043**

**RUDY VALLEJOS,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Chief Public Defender
B. Douglas Wood, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals the denial of his motion to suppress based on pretext. We affirm.

**BACKGROUND**

In April 2009, Deputy "Tommy" Lopez of the San Juan County Sheriff's Department (Deputy Lopez) observed Defendant drive over the white line on the right-hand side of the road and further observed that Defendant's vehicle did not have a license plate lamp. Deputy Lopez made a traffic stop during which Defendant was asked to perform field tests for driving while under the influence of intoxicating liquors (DWI). He failed them. Defendant was arrested and underwent breath testing. The samples taken registered a BAC of 0.10 and 0.11. Defendant was charged with DWI, failure to have an operating tail lamp, driving with a suspended or revoked license, and possession of drug paraphernalia.

Defendant filed a motion to suppress all evidence underlying the charges on grounds that the traffic stop was pretextual and, thus, illegal under the New Mexico Constitution. According to Defendant, Deputy Lopez conducted surveillance on Defendant prior to the stop, observed Defendant outside of a bar, formed a "hunch" unsupported by reasonable suspicion that Defendant had been drinking, and later stopped Defendant for failure to have a license plate lamp in order to pursue the more serious "hunch" that Defendant was engaged in DWI. As authority for this argument,

Defendant relied exclusively on *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143, *cert. quashed*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794.

A hearing was held on Defendant's suppression motion. At that hearing, two witnesses testified: Deputy Lopez and Defendant. A summary of their testimony follows.

At midnight on April 18, 2009, Deputy Lopez was on duty and driving on County Road 3100 when he encountered a white vehicle driving the opposite direction. The vehicle was coming around a turn and Deputy Lopez observed the passenger side tire cross over the white line and travel off the roadway. The vehicle passed Deputy Lopez and, in his rear view mirror, he observed that the vehicle also did not have a license plate lamp. Deputy Lopez turned his police unit around, began pursuit, and illuminated his emergency lights once the roadway was sufficiently wide to permit a safe traffic stop. After stopping the vehicle, Deputy Lopez approached, spoke to Defendant, and observed that his speech was slurred and that he smelled of alcohol. Another officer who heard Deputy Lopez announce over the radio that he was making the stop, appeared on scene, performed the DWI field tests, and arrested Defendant. In response to the district court's questioning, Deputy Lopez clarified that he had neither seen Defendant's vehicle nor heard radio reports about Defendant's vehicle prior to encountering Defendant driving the opposite direction on County

Road 3100.

Defendant testified that he went to Dino's bar and lounge shortly before 9:00 p.m. on the night of the stop. When he pulled into the parking lot at Dino's, he saw two sheriff's vehicles. At approximately 11:00 p.m., Defendant and a relative left Dino's in the relative's car and traveled to Farmington, New Mexico and ate at Denny's. Defendant was driven back to Dino's an hour later to get his vehicle, at which point he encountered a friend in the parking lot and struck up a conversation. During the course of that conversation, a sheriff's vehicle pulled up. Although he was uncertain, Defendant believes that Deputy Lopez was driving that vehicle. Defendant stated that the officer observed him for roughly two minutes and then drove away. Ten or fifteen minutes later, Defendant got into his car and proceeded to drive home. As he was driving, a sheriff's vehicle passed him, then turned around, and began pursuit. Once stopped, Defendant learned that it was Deputy Lopez.

The district court was unpersuaded by Defendant's pretext argument. The court found Defendant's pretext theory—that Deputy Lopez engaged in surveillance, saw Defendant in front of Dino's, predicted the route Defendant would travel home, ambushed Defendant, and used the tail lamp violation as an excuse to pull Defendant over for DWI—completely insensible and incredible. Moreover, the court concluded that if Deputy Lopez observed erratic driving, he had legal justification to perform the

4

traffic stop so as to ascertain whether Defendant was impaired. The court concluded that *Ochoa* was inapplicable, the stop was not pretextual, and denied the motion to suppress.

His motion denied, Defendant entered a conditional plea in which he reserved the right to appeal the district court's ruling on the suppression motion and pleaded guilty to the DWI charge in return for dismissal of the other charges. At sentencing, the district court determined that Defendant had at least three other DWI convictions and sentenced him to an eighteen-month period of confinement to be followed by a one-year period of mandatory parole supervision. This appeal followed.

**DISCUSSION**

Defendant argues on appeal, as he did below, that Deputy Lopez carried out an illegal and unconstitutional pretextual stop. Relying exclusively on *Ochoa*, Defendant argues that Deputy Lopez "used the license plate lamp violation as a pretense to pursue his hunch that [Defendant] was committing DWI" and, as such, asks us to reverse the district court and grant the motion to suppress.

We review a district court's ruling on a motion to suppress as a mixed question of fact and law. *State v. Gutierrez*, 2004-NMCA-081, ¶ 4, 136 N.M. 18, 94 P.3d 18. "[W]e observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is

subject to de novo review." *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 (alteration in original). We review the facts in a light most favorable to the prevailing party, as long as the facts are supported by substantial evidence. *Id.* "Resolution of factual conflicts, credibility and weight of evidence is particularly a matter within the province of the trier of fact." *State v. Werner*, 117 N.M. 315, 317, 871 P.2d 971, 973 (1994) (internal quotation marks and citation omitted). The ultimate legal determination concerning the constitutional reasonableness of the officer's conduct—whether Deputy Lopez committed an illegal and unconstitutional pretextual stop—is a question of law which we review de novo. *See State v. Attaway*, 117 N.M. 141, 145-46, 870 P.2d 103, 107-08 (1994), *modified on other grounds by State v. Lopez*, 2005-NMSC-018, 138 N.M. 9, 116 P.3d 80.

In *Ochoa*, we defined a prextual stop as "a detention supportable by reasonable suspicion or probable cause to believe that a traffic offense has occurred, but is executed as a pretense to pursue a 'hunch,' a different more serious investigative agenda for which there is no reasonable suspicion or probable cause." *Ochoa*, 2009-NMCA-002, ¶ 25. "In performing a pretextual traffic stop," we clarified, "a police officer is stopping the driver, not to enforce the traffic code, but to conduct a criminal investigation unrelated to the driving." *Id.* ¶ 16 (internal quotation marks and citation omitted). We also identified, in *Ochoa*, the burdens the parties must carry when a

defendant asserts pretext.

> First, the trial court must determine whether there was reasonable suspicion or probable cause for the stop. As usual, the [s]tate has the burden of proof to justify the stop under an exception to the warrant requirement. If the stop can be justified objectively on its face and the defendant argues that the seizure was nevertheless unreasonable because it was pretextual under the New Mexico Constitution, then the district court must decide whether the officer's motive for [the stop] was unrelated to the objective existence of reasonable suspicion or probable cause. The defendant has the burden of proof to show pretext based on the totality of the circumstances.

*Id.* ¶ 40 (second alteration in original) (internal quotation marks and citations omitted). We apply this framework.

The State did prove, and the district court was satisfied, that Deputy Lopez had reasonable suspicion to stop Defendant. *See State v. Aguilar*, 2007-NMCA-040, ¶ 9, 141 N.M. 364, 155 P.3d 769 ("To have reasonable suspicion . . ., a police officer must be aware of specific, articulable facts that, when judged objectively, would lead a reasonable person to believe a traffic offense has occurred or is occurring."). Deputy Lopez testified that he observed Defendant drive erratically—he witnessed Defendant's tire cross the white line and go off the roadway as Defendant was coming around a turn. Then he saw that Defendant's license plate was not illuminated. Both are traffic offenses. *See* NMSA 1978, § 66-7-317(A) (1978) (stating that "a vehicle shall be driven as nearly as practicable entirely within a single lane"); NMSA 1978, § 66-3-805(C) (1978) ("Either a tail lamp or a separate lamp shall be so constructed

7

and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear."). Based on the above testimony, the State met its burden, and the burden then shifted to Defendant to show that "the seizure was nevertheless unreasonable because it was pretextual under the New Mexico Constitution." *Ochoa*, 2009-NMCA-002, ¶ 40. As we describe below, Defendant failed in this regard.

The question before us is whether the stop was pretextual. As we have stated, a stop is pretextual when the real motive for the stop is "not to enforce the traffic code, but to conduct a criminal investigation unrelated to the driving." *Id.* ¶ 16 (internal quotation marks and citation omitted). As we have explained, Defendant's pretext theory is that Lopez used the license plate lamp violation as a pretense to pursue his hunch that, based on Defendant's activity in the parking lot of a bar, Defendant would be DWI if he drove. Evidence was presented at the hearing on Defendant's motion to suppress that cast doubt on the credibility and plausibility of this theory. Deputy Lopez testified that he had not seen Defendant or his vehicle before observing Defendant driving over the white line and testified that he stopped Defendant for two reasons: crossing the white line as well as the lamp violation. Defendant emphasizes that Deputy Lopez at one point stated that the lamp violation was the sole reason for the stop. While Deputy Lopez did make this statement, at other times during his

8

testimony he stated that the stop was for the two reasons identified.

In reconciling the conflicting versions of the events preceding the traffic stop in favor of the State, the district court stated that it neither believed nor was able to make sense of Defendant's pretext theory. We defer to the district court's judgment concerning credibility and the weight to be given evidence. *Werner*, 117 N.M. at 317, 871 P.2d at 973. Because the district court rejected the facts Defendant cited to support his pretext theory, we need not further consider Defendant's pretext argument. *See Ochoa*, 2009-NMCA-002, ¶ 40 ("If the defendant has not placed substantial facts in dispute indicating pretext, then the seizure is not pretextual."). Defendant failed to meet his burden and failed to establish that the seizure was pretextual.

**CONCLUSION**

For the foregoing reasons, the district court's denial of the motion to suppress is affirmed.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**