# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 106

### APRIL TERM, A.D. 2025

### September 30, 2025

IN THE MATTER OF U.S. CURRENCY
TOTALING $54,226.00:

RONALD S. MICKULIN,

Appellant
(Claimant),

v.                                                                S-25-0011

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellant:*
Andrew J. Holcomb, Holcomb Law LLC, Laramie, Wyoming. Argument by Mr. Holcomb.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kellsie J. Singleton, Senior Assistant Attorney General. Argument by Ms. Singleton.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ., and FROELICHER, D.J.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    After seizing $54,226 from Ronald S. Mickulin's vehicles, the State of Wyoming initiated civil forfeiture proceedings against the currency.  The district court granted forfeiture.  Mr. Mickulin appeals, arguing the district court applied the wrong burden of proof when deciding the currency was subject to forfeiture.  We agree and reverse and remand.

## ISSUES

[¶2]    The following issues are dispositive:

> 1.    Did the district court err by applying the wrong burden of proof when deciding the currency was subject to forfeiture?
>
> 2.    Did the district court err by relying on the crimes of distribution of controlled substances and conspiracy to distribute controlled substances when determining the currency was subject to forfeiture and that the forfeiture was not grossly disproportionate to the gravity of the offense giving rise to the forfeiture?

## FACTS

[¶3]    On October 22, 2023, Sergeant David Greninger with the Rawlins Police Department stopped Mr. Mickulin for driving a vehicle without working taillights.  Sergeant Greninger asked Mr. Mickulin, the sole occupant of the vehicle, for his driver's license, vehicle registration, and proof of insurance.  As Mr. Mickulin was gathering the documents, Sergeant Greninger saw a small blue vial near the gear shift.  When asked about the vial, Mr. Mickulin admitted it contained cocaine.  Sergeant Greninger conducted a probable cause search of the vehicle.  During the search, he located an envelope with cash in the driver's side door, another envelope with cash in the center console, and a small amount of marijuana and a marijuana pipe in the back seat.  In the trunk near the spare tire, he found four envelopes each containing $5,000.  Sergeant Greninger seized a total of $23,006 in cash from the vehicle.  He arrested Mr. Mickulin and transported him to the Carbon County Jail.

[¶4]    At the jail, Special Agent (SA) Eric Ford with the Wyoming Division of Criminal Investigation attempted to interview Mr. Mickulin.  After being advised of his *Miranda* rights, Mr. Mickulin told SA Ford that he was a retired truck driver and lived in Wamsutter, Wyoming. Mr. Mickulin became agitated and asked for an attorney.  SA Ford immediately terminated the interview.  The next day, Mr. Mickulin informed jail personnel that he

1

wanted to speak with SA Ford. SA Ford went to the jail, where he re-advised Mr. Mickulin of his *Miranda* rights, after which, Mr. Mickulin told SA Ford he had purchased a total of 5-6 ounces of cocaine and an ounce of heroin from "Pancake Chili Pepper," his Salt Lake City, Utah drug source. According to Mr. Mickulin, his last purchase from this source was two months prior to the interview. Mr. Mickulin also stated he purchased cocaine from two sources in Rawlins, Wyoming, including one named "Chelsey." He stated he believed there was $40,000 in his vehicle when Sergeant Greninger stopped him. Mr. Mickulin claimed half of the money came from distributing drugs "and the other half of it was from a 401k that he cashed out and some sort of insurance settlement." He explained he hid the money in his vehicle because $5,000 and a gram of heroin had been stolen from his home.

[¶5] Mr. Mickulin also told SA Ford he had a half ounce of marijuana in the trunk of another vehicle. Based on this information, Sergeant Greninger ran his certified drug dog around that vehicle. The dog alerted to the vehicle's trunk. SA Ford obtained a warrant and searched the vehicle. He found a small amount of marijuana, four grams of psilocybin mushrooms, a digital scale, a THC vape pen, and cash in the glove box and under the front passenger floorboard. In the spare tire compartment, he discovered numerous envelopes each containing $5,000. In total, SA Ford seized $31,220 from the second vehicle. The total cash seized from both vehicles was $54,226. The State charged Mr. Mickulin with two counts of misdemeanor possession of a controlled substance. He pled guilty to both counts and was sentenced to 20 days in jail.

[¶6] The State filed a civil in rem action for forfeiture of the $54,226 under Wyo. Stat. Ann. § 35-7-1049. It claimed the currency was proceeds from Mr. Mickulin's sale of cocaine, heroin, and/or marijuana in violation of the Wyoming Controlled Substances Act, and Mr. Mickulin intended to use and did use the money to further a conspiracy with one or more individuals to purchase, possess, and deliver those substances in violation of the Act. The district court held a one-day bench trial and forfeited the currency to the State. Mr. Mickulin timely appealed.

### STANDARD OF REVIEW

[¶7] Resolution of this appeal requires us to determine whether the district court applied the wrong burden of proof and whether it correctly applied § 35-7-1049. Both issues are questions of law, which we review de novo. *Morningstar v. Robison*, 2023 WY 28, ¶ 15, 527 P.3d 241, 246 (Wyo. 2023) ("Whether the district court applied the correct burden of proof is a question of law which we review de novo." (quoting *Gill v. Lockhart*, 2022 WY 87, ¶ 29, 512 P.3d 971, 980 (Wyo. 2022))); *Matter of Guardianship of GAP*, 2022 WY 97, ¶ 19, 515 P.3d 589, 595 (Wyo. 2022) ("To the extent we must interpret the . . . statutes and determine whether the [district] court correctly applied them, our review is de novo.").

2

*DISCUSSION*

[¶8]    Mr. Mickulin raises four arguments: (1) the district court applied the wrong burden of proof when it determined the currency was subject to forfeiture; (2) the district court erred when it found the forfeiture was not grossly disproportionate to the gravity of the offense giving rise to the forfeiture; (3) the district court improperly considered the crimes of distribution of controlled substances and conspiracy to distribute controlled substances when it decided the currency was subject to forfeiture and that the forfeiture was not grossly disproportionate to the gravity of the offense giving rise to the forfeiture; and (4) the forfeiture violated the Eighth Amendment's prohibition against excessive fines.  We agree with Mr. Mickulin that the district court applied the wrong burden of proof to the forfeitability question.  Because we reverse and remand on that issue, we need not consider his remaining arguments.  Nonetheless, we address whether the district court erred by relying on the crimes of distribution of controlled substances and conspiracy to distribute controlled substances when determining forfeitability and proportionality, as this issue will likely arise on remand.  *See Erdelyi v. Lott*, 2014 WY 48, ¶ 35, 326 P.3d 165, 175 (Wyo. 2014) (although the statute of limitations issue was dispositive, addressing issues relating to the jury instructions and the verdict form because they were likely to arise on remand).

**I.    *Did the district court err by applying the wrong burden of proof when deciding the currency was subject to forfeiture?***

[¶9]    Mr. Mickulin argues the district court applied the wrong burden of proof when deciding the currency was subject to forfeiture.  He claims that under the forfeiture statute, the State had the burden to show by clear and convincing evidence that the currency was subject to forfeiture.  The court, however, concluded the State had met its burden of showing by a preponderance of the evidence that the currency was subject to forfeiture.  Mr. Mickulin contends that by holding the State to a lower burden of proof, the district court violated his right to due process, and the appropriate remedy is to reverse and remand for a new trial.

[¶10]   The State sought forfeiture of the currency under the forfeiture provision of the Wyoming Controlled Substances Act, § 35-7-1049.  Subsection (a) of the statute identifies eight categories of property "subject to forfeiture."  Wyo. Stat. Ann. § 35-7-1049(a).  *See also Matter of U.S. Currency Totaling $75,000.00*, 2023 WY 114, ¶ 7, 539 P.3d 92, 95–96 (Wyo. 2023) (*$75,000*) ("Wyo. Stat. Ann. § 35-7-1049 identifies the types of property subject to civil forfeiture."); *Matter of U.S. Currency Totaling $470,040.00*, 2020 WY 30, ¶ 18, 459 P.3d 430, 435 (Wyo. 2020) (*$470,040*) ("Civil asset forfeiture under Wyo. Stat. Ann. § 35-7-1049 'is appropriate only with respect to certain types of property which the legislature has deemed to be "subject to forfeiture."'" (quoting *State v. Eleven Thousand Three Hundred Forty-Six Dollars & No Cents in U.S. Currency*, 777 P.2d 65, 67 (Wyo. 1989) (*$11,346*))).  Relevant here, it allows forfeiture of

3

> [a]ny property or other thing of pecuniary value furnished in exchange for a controlled substance in violation of [the Wyoming Controlled Substances Act] including any proceeds, assets or other property of any kind traceable to the exchange and any money . . . used to facilitate a violation of th[e A]ct.

Wyo. Stat. Ann. § 35-7-1049(a)(viii) (LexisNexis 2025). "Consequently, forfeiture [of the currency in this case was] proper if [the currency] was shown to be (1) 'furnished in exchange for a controlled substance' in violation of the Wyoming Controlled Substances Act, or (2) 'used to facilitate' a violation of the Wyoming Controlled Substances Act." *$75,000*, ¶ 7, 539 P.3d at 96 (quoting *$470,040*, ¶ 18, 459 P.3d at 435).

[¶11]   The Wyoming Controlled Substances Act requires forfeiture actions to be filed by the commissioner of drugs and substances control, and it designates the Wyoming Attorney General as the commissioner.  Wyo. Stat. Ann. §§ 35-7-1002(a)(xxvi) (defining "[c]ommissioner" as "the commissioner of drugs and substances control"), 35-7-1003 (designating the Wyoming Attorney General as the "commissioner of drugs and substances control"), 35-7-1049(d) ("All forfeiture proceedings or actions shall be brought by the commissioner.").  The Act requires the commissioner to "establish *by clear and convincing evidence* the extent to which, if any, the property is subject to forfeiture." Wyo. Stat. Ann. § 35-7-1049(k) (emphasis added).  Accordingly, "[t]he State has the burden of proving 'by clear and convincing evidence the extent to which, if any, the property is subject to forfeiture.'" *$75,000*, ¶ 8, 539 P.3d at 96 (quoting Wyo. Stat. Ann. § 35-7-1049(k)).

[¶12]   The district court held the State to the wrong burden of proof.  In its forfeiture order, the district court, while citing Wyo. Stat. Ann. § 35-7-1049(k), stated: "In this civil action for forfeiture, *the State must prove by a preponderance of the evidence* that Mr. Mickulin used the $54,226.00, or intended to use it, to facilitate a violation of the Wyoming Controlled Substances Act." (Emphasis added.)  Before outlining the evidence, the court averred: "In considering all of the facts and circumstances in this case, the Court concludes the *State has carried its burden of proving by a preponderance of evidence* that the $54,226.00 was intended to be used to facilitate a violation of the Act." (Emphasis added.)  After summarizing the evidence at the bench trial, the district court found "*the State showed by a preponderance of the evidence* that the currency was not lawfully obtained" and again stated: "[T]*he State has established by a preponderance of the evidence* that Mr. Mickulin had and intended to continue to violate the Wyoming Controlled Substances Act." (Emphasis added.)  In conclusion, the court declared: "The testimony presented at the forfeiture hearing *established by a preponderance of the evidence* that the $54,226.00 was used or intended to facilitate a violation of the Wyoming Controlled Substances Act. Consequently, forfeiture to the State is appropriate here." (Emphasis added.)  Given the numerous references to the preponderance of the evidence standard throughout the forfeiture order, we conclude the district court's reference to that standard was not a scrivener's error.

[¶13]   The parties informed the district court of the correct burden of proof.  During its opening statement, the State told the court it "has the burden to establish by clear and convincing evidence the extent to which, if any, the . . . [c]urrency is subject to forfeiture." In their written closing arguments, the parties stated the burden was on the State to show by clear and convincing evidence that the currency was subject to forfeiture.  For whatever reason, the district court applied the wrong burden of proof.[1]

[¶14]   The State concedes error but claims a remand for a new trial is unnecessary as it would serve no useful purpose.  It maintains we can simply apply the correct burden of proof to the district court's undisputed factual findings and affirm, as those findings establish by clear and convincing evidence that the currency is subject to forfeiture.

[¶15]   Preponderance of the evidence is "proof which leads the trier of fact to find that the existence of the contested fact is more probable than its non-existence." *See J.J.F. v. State*, 2006 WY 41, ¶ 9, 132 P.3d 170, 174 (Wyo. 2006) (quoting *Matter of Worker's Comp. Claim of Thornberg*, 913 P.2d 863, 866 (Wyo. 1996), *as modified on denial of reh'g* (April 29, 1996)).  Clear and convincing evidence, on the other hand, is a more stringent burden of proof.  It is "that kind of proof which would persuade a trier of fact that the truth of the contention is highly probable." *J.J.F.*, ¶ 9, 132 P.3d at 174 (quoting *In re Adoption of CF*, 2005 WY 118, ¶ 11, 120 P.3d 992, 999 (Wyo. 2005)).

[¶16]   In deciding that the State had met its burden of showing by a preponderance of the evidence—that it was more probable than not—that the currency was used or intended to be used to facilitate a violation of the Wyoming Controlled Substances Act, the district court relied on

> Mr. Mickulin's admission to conducting buys and sales of both heroin and cocaine, his admission that he traveled to and from Utah with the intent to traffic in illegal controlled substances, his admission that approximately half of the seized money was from illegal controlled substance sales, and the corroborating testimony of a person who admitted to buying from Mr. Mickulin on at least two occasions[.]

The district court also noted that the State had shown by a preponderance of the evidence that the currency was not lawfully obtained because Mr. Mickulin's monthly Social

[1] Wyo. Stat. Ann. § 35-7-1049(o) requires the commissioner to show by a preponderance of the evidence that a forfeiture is not grossly disproportionate to the gravity of the offense giving rise to the forfeiture.  Mr. Mickulin argued in the district court that the State failed to meet this burden.  It does not appear the district court confused this burden of proof with the burden of proof for showing property is subject to forfeiture as the district court cited the preponderance of the evidence standard when addressing proportionality. Moreover, the parties clearly distinguished between the two burdens of proof before the district court.

Security income "barely cover[ed]" his monthly expenses, and the amount he was left with after cashing out his annuity in November 2022 ($27,968.34) and purchasing two vehicles ($19,000) was approximately $9,000.

[¶17] We cannot say with certainty that this same evidence establishes by clear and convincing evidence—that it is highly probable—that the currency was used or intended to be used to facilitate a violation of the Wyoming Controlled Substances Act. First, the district court relied on "an audio recording of the custodial interview between SA Ford and Mr. Mickulin in which Mr. Mickulin made [his] admissions." Portions of the audio recording were played at the bench trial, but they were not transcribed, and the audio recording is not part of the appellate record. Second, SA Ford testified that Mr. Mickulin admitted during the custodial interview that half of the currency seized from the first vehicle was from the distribution of controlled substances, but the district court determined all of the currency was used or intended to be used to facilitate a violation of the Wyoming Controlled Substances Act. Finally, while the district court summarized the testimony of the witnesses at the trial, it made no explicit credibility determinations of those witnesses. *Drake v. McCulloh*, 2002 WY 50, ¶ 18, 43 P.3d 578, 584 (Wyo. 2002) ("The trial judge is in the best position to assess the credibility of witnesses and weigh their testimony . . . ." (quoting *Clark v. Clark*, 980 P.2d 821, 823 (Wyo. 1999))). Given the record before us, it is our view that the district court is the appropriate tribunal to determine in the first instance whether the State met its burden of proving by clear and convincing evidence "the extent to which, if any, the [currency] is subject to forfeiture." Wyo. Stat. Ann. § 35-7-1049(k). *See, e.g.*, *Geels v. Flottemesch*, 243 N.E.3d 1069, 1071 (Ind. 2024) ("remand[ing] to the trial court to apply the clear-and-convincing standard to the evidence" where trial court incorrectly applied less stringent preponderance of the evidence standard when imposing a constructive trust); *Terrence E. v. Christopher R.*, 842 S.E.2d 755, 763 (W. Va. 2020) (reversing and remanding for further proceedings because the circuit court did not sufficiently address the statutory factors required for appointment of a guardian and applied the wrong burden of proof to the father's request to terminate the guardianship); *Maine Eye Care Assocs. P.A. v. Gorman*, 2006 ME 15, ¶ 22, 890 A.2d 707, 712 ("We cannot determine from the current record whether, in applying the appropriate burden of proof, the court would find that [the plaintiff] justifiably relied on [the defendant's] representations or that it suffered a detriment by relying on her representations. In these circumstances, we remand the matter to the trial court for it to make factual findings applying the clear and convincing evidence burden of proof.").

[¶18] We reverse the order of forfeiture and remand to the district court for further proceedings consistent with this opinion.

II. *Did the district court err by relying on the crimes of distribution of controlled substances and conspiracy to distribute controlled substances when determining the currency was subject to forfeiture and that the forfeiture was not grossly disproportionate to the gravity of the offense giving rise to the forfeiture?*

6

[¶19]   Mr. Mickulin argues the district court erred by relying on the crimes of distribution of a controlled substance and conspiracy to distribute controlled substances in deciding the currency was "subject to forfeiture" under Wyo. Stat. Ann. § 35-7-1049(a) (forfeitability). He contends the district court made the same error in determining the forfeiture was not "grossly disproportionate to the gravity of the offense giving rise to the forfeiture" under Wyo. Stat. Ann. § 35-7-1049(o) (proportionality).  He claims that because the State seized the currency under Wyo. Stat. Ann. § 35-7-1049(b)(i), which allows property to be seized without a probable cause hearing if the seizure is incident to an arrest or pursuant to a search warrant, the district court was limited to considering the misdemeanor offense for which he was arrested and convicted when deciding the questions of forfeitability and proportionality.  Mr. Mickulin argues that under the facts of this case, the district court could only have relied on the crimes of distribution of a controlled substance and conspiracy to distribute controlled substances if the State had seized the property under Wyo. Stat. Ann. § 35-7-1049(b)(iii) and a circuit court had held a hearing to determine whether there was probable cause to believe the currency was used or intended to be used to facilitate those crimes.

[¶20]   The State argues we should not consider this argument because Mr. Mickulin did not raise it with the district court.  Mr. Mickulin sufficiently preserved his argument for appellate review.  During his opening statement at trial, he argued the "offense" for purposes of deciding proportionality was misdemeanor possession of a controlled substance.  In his written closing arguments, he reiterated the offense giving rise to the forfeiture for purposes of proportionality was misdemeanor possession of a controlled substance because the evidence at the hearing revealed he possessed 0.3 grams of cocaine, 4 grams of mushrooms, and less than a half ounce of marijuana.  He objected to the State's reliance on a conspiracy to distribute drugs because "[n]ot only has the State never filed such conspiracy charges and survived a probable cause hearing against [him], but the State also fails to mention where and when this conspiracy was formed, let alone naming a co-conspirator."

[¶21]   In the alternative, the State contends nothing in the plain language of § 35-7-1049(b)(i) limits the district court to considering only the offense for which Mr. Mickulin was arrested and convicted when deciding forfeitability and proportionality.  We agree.

[¶22]   "When we interpret statutes, our goal is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.'"  *Matter of U.S. Currency Totaling $14,245.00*, 2022 WY 15, ¶ 13, 503 P.3d 51, 55 (Wyo. 2022) (quoting *EME Wyo., LLC v. BRW E., LLC*, 2021 WY 64, ¶ 23, 486 P.3d 980, 987 (Wyo. 2021) (quoting *Wyo. Jet Center, LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019))).

7

We interpret statutes using the following principles:

> Where legislative intent is discernible a court should give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose. In light of this objective, we have said:
>
> > We therefore construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. . . . When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*Matter of Est. of Britain*, 2018 WY 101, ¶ 15, 425 P.3d 978, 983 (Wyo. 2018) (citation modified).

[¶23] Section 35-7-1049(b) states:

> (b)     Property subject to forfeiture under this act may be seized by any law enforcement officer of the state upon process issued by any district court or district court commissioner having jurisdiction over the property. Seizure without process may be made if:
>
> > (i)     The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;
> >
> > (ii)     The property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal, injunction or forfeiture proceeding based upon this act;
> >
> > (iii)     The board or commissioner has probable cause to believe that the property was used or is intended to be used in violation of this act.

Wyo. Stat. Ann. § 35-7-1049(b)(i)–(iii) (LexisNexis 2025).  When property is seized under subsection (b)(iii), the circuit court must hold a hearing within 30 days of the seizure "to determine whether probable cause existed to seize the property pursuant to paragraph (b)(iii) of this section."  Wyo. Stat. Ann. § 35-7-1049(c).  If the circuit court finds in the affirmative, the court shall order the commissioner to file an action for forfeiture of the property.  Wyo. Stat. Ann. § 35-7-1049(c)(ii).  If the circuit court finds probable cause did not exist to seize the property, "the court shall order the property to be immediately returned to its lawful owner or one (1) of the persons from whom it was seized[.]"  Wyo. Stat. Ann. § 35-7-1049(c)(i).

[¶24] Subsection (b) simply "outline[s] the circumstances in which a state law enforcement officer may seize property with and without process."  *$470,040*, ¶ 19, 459 P.3d at 435.  It does not speak to what offense or conduct a district court may consider when deciding whether property is "subject to forfeiture" under Wyo. Stat. Ann. § 35-7-1049(a) or whether its forfeiture would be "grossly disproportionate to the gravity of the offense giving rise to the forfeiture" under Wyo. Stat. Ann. § 35-7-1049(o).  While we have interpreted subsection (b) to be a "'procedural restriction[] on the State's access to' forfeiture," *$470,040*, ¶ 19, 459 P.3d at 435 (quoting *$11,346*, 777 P.2d at 67), it does not restrict the district court's analysis of the propriety of forfeiture once the property has been properly seized and an action for forfeiture has been filed.

[¶25] Indeed, whether property is forfeitable under § 35-7-1049 does not turn on the culpability of its owner or require a criminal charge or conviction against the owner.  The statute states "[t]he proceedings and judgment of forfeiture shall be in rem and shall be against the property itself."  Wyo. Stat. Ann. § 35-7-1049(q).  As other courts have explained: "Civil forfeiture is a device, a legal fiction, authorizing legal action against inanimate objects for participation in alleged criminal activity, regardless of whether the property owner is proven guilty of a crime—or even charged with a crime."  *Serrano v. State*, 946 N.E.2d 1139, 1140 (Ind. 2011).  *See also, e.g.*, *State ex rel. Campbell v. Eighteen Thousand & Two Hundred Thirty-Five Dollars in U.S. Currency*, ¶¶ 13–14, 184 P.3d 1078, 1081–82 (Okla. 2008) (forfeiture under the common law and under Oklahoma statute is not dependent on an in personam criminal charge or conviction because civil forfeiture "is based on the legal fiction that the object is guilty of the crime"); 36 Am. Jur. 2d *Forfeitures and Penalties* § 18 ("A property may be subject to forfeiture even if its owner is acquitted of, or never called to defend against, criminal charges.  This is so because civil forfeiture depends not upon a property owner's culpability but, instead, upon the property[] being connected to some criminal act. . . ." (footnotes omitted)).  This conclusion is confirmed by § 35-7-1049(a) which, as stated above, identifies eight categories of property "subject to forfeiture."  To be subject to forfeiture, the property, not its owner, must have been used,

intended to be used, or otherwise connected to a violation of the Wyoming Controlled Substances Act.[2]

[¶26]  Mr. Mickulin also relies on § 35-7-1049(o) to support his claim that the district court erred when it relied on the crimes of distribution of a controlled substance and conspiracy to distribute controlled substances when deciding forfeitability and proportionality.  That statute disallows forfeiture "to the extent that the forfeiture is grossly disproportionate to the gravity of the offense giving rise to the forfeiture."  Wyo. Stat. Ann. § 35-7-1049(o).  In determining whether a forfeiture is grossly disproportionate, subsection (o) requires the court to consider:

---

[2] Section 35-7-1049(a) states:

> (a)    The following are subject to forfeiture:
> (i)    All controlled substances which have been manufactured, distributed, dispensed or acquired *in violation of this act*;
> (ii)    All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substances *in violation of this act*;
> (iii)    All property which is used as a container for property *described in paragraph (i) or (ii) of this subsection*;
> (iv)    All books, records, and research products and materials, including formulas, microfilm, tapes, and data, which are used, or intended for use, *in violation of this act*;
> (v)    All conveyances including aircraft, vehicles or vessels, knowingly used or intended for use to transport or in any manner to knowingly facilitate the transportation for the sale or receipt of property *described in paragraph (i) or (ii)* of this subsection may be seized by the commissioner and forfeited to the state pursuant to subsection (e) of this section: . . . .
> (vi)    All "drug paraphernalia" as defined by W.S. 35-7-1002(a)(xxvii) [defining drug paraphernalia as "all equipment, products and materials of any kind when used, advertised for use, intended for use or designed for use for manufacturing, converting, preparing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance *in violation of this act*"];
> (vii)    All buildings knowingly used or intended for use to store, manufacture or distribute property described *under paragraph (i) or (ii)* of this subsection if the owner has knowledge of or gives consent to the act of violation. . . .
> (viii)    Any property or other thing of pecuniary value furnished in exchange for a controlled substance *in violation of this act* including any proceeds, assets or other property of any kind traceable to the exchange and any money, securities or other negotiable instruments used to facilitate a *violation of this act*. . . .

Wyo. Stat. Ann. § 35-7-1049(a) (emphasis added).

10

(A)     The extent to which the property was used or intended to be used in executing the underlying offense;

(B)     The value of the property, including both its fair market and subjective value;

(C)     The actions of the person involved in the activity giving rise to the forfeiture proceedings;

(D)     The severity of the criminal sanctions associated with the actions of the person;

(E)     Whether the property constitutes the person's lawful livelihood or means of earning a living;

(F)     Whether the offense or attempted offense has severe collateral consequences; and

(G)     Any other factors the court deems necessary and relevant.

Wyo. Stat. Ann. § 35-7-1049(o)(i).   "If the court finds the forfeiture is grossly disproportionate to the offense, it shall reduce or eliminate the forfeiture as it finds appropriate."  Wyo. Stat. Ann. § 35-7-1049(o)(ii).

[¶27]  Mr. Mickulin argues that the "offense giving rise to the forfeiture" of the currency in this case was the offense for which he was arrested and convicted—misdemeanor possession of a controlled substance.[3]  He claims the district court was limited to that offense when deciding forfeitability and proportionality.  The plain meaning of "offense" is an infraction or violation of the law.  *See Offense*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/offense  (last  visited  Sept.  25,  2025); *Offense*, Black's Law Dictionary (12th ed. 2024).  An "offense" does not require an arrest or conviction.  Reading § 35-7-1049(o) *in pari materia* with § 35-7-1049(a), we conclude "offense giving rise to the forfeiture" in subsection (o) is equivalent to the "violation of [the Wyoming Controlled Substances] [A]ct" which renders property "subject to forfeiture" under subsection (a).  In this case, the State alleged the currency derived from

---

[3] Mr. Mickulin does not rely on any other language in subsection (o), including any language outlined in the factors the court must consider when deciding proportionality.  Wyo. Stat. Ann. § 35-7-1049(o)(i)(A)–(G).  As a result, we confine our analysis to the phrase "offense giving rise to the forfeiture."  *See Pettengill v. Castellow*, 2022 WY 144, ¶ 24, 520 P.3d 105, 113 (Wyo. 2022) ("We 'will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation.'" (quoting *Statzer v. Statzer*, 2022 WY 117, ¶ 24, 517 P.3d 574, 581–82 (Wyo. 2022))).

Mr. Mickulin's sale of cocaine, heroin, and/or marijuana in violation of the Wyoming Controlled Substances Act, and Mr. Mickulin intended to use and did use the money to further a conspiracy with one or more individuals to purchase, possess, and deliver those substances in violation of the Act. The district court properly considered that criminal activity when deciding whether the currency was subject to forfeiture under subsection (a) and whether its forfeiture was grossly disproportionate to the gravity of the offense giving rise to the forfeiture under subsection (o).

## *CONCLUSION*

[¶28] The district court applied the wrong burden of proof when deciding the currency was subject to forfeiture. We reverse and remand for further proceedings consistent with this opinion.